## ALLRED et al. v. HUDSON.
### No. 11515.

Court of Civil Appeals of Texas. Dallas.
May 27, 1933.

Jas. V. Allred, Atty. Gen., and A. R. Stout, Maurice Cheek, and W. E. Gresham, Asst. Attys. Gen., for appellants.

Hamilton & Hamilton and J. G. Turner, all of Dallas, for appellee.

LOONEY, Justice.

L. B. Hudson, receiver of Ajo Oil Corporation, appointed by the Ninety-Fifth judicial district court of Dallas county, in a suit styled McCommas v. McCommas, filed, in said cause, a petition seeking injunctive relief, temporary and permanent, on grounds hereafter stated, against Lon A. Smith, C. V. Terrell, and Earnest Thompson, constituting the Railroad Commission of Texas, F. H. Pierson, chief enforcement officer of the commission, and James V. Allred, Attorney General of Texas. After notice and hearing, the court entered an order granting the temporary relief sought, from which this appeal is prosecuted.

At the threshold, appellants challenged the jurisdiction of the court on the ground that, under the statute, jurisdiction to hear and determine the matters presented in the petition is vested exclusively in a court of competent jurisdiction in Travis county.

In view of the disposition we make of the appeal, we do not deem it necessary to do more than give a short statement of the nature of the action. Appellee alleged that, as receiver, he was in possession of and operating properties of the Ajo Oil Corporation, including several producing oil and gas wells, located in the east Texas oil field; that appellants were asserting the right to enforce against him certain orders promulgated by the Railroad Commission of Texas, under an act of the Legislature, in regard to the proration of petroleum oil and gas; that said act and orders are unconstitutional and void, in that, they deny equal protection of law, take property and deprive of privileges and immunities without due process of law (Const. U. S. Amend. 14), and violate the state Constitution (Const. Tex. art. 1, § 17) providing that no person's property shall be taken, damaged, destroyed, or applied to a public use without adequate compensation, etc.; alleging further that, unless restrained, appellants will attempt to enforce said allegedly void statute and orders, using state rangers for that purpose, also by the institution and prosecution of penalty and injunction suits in state courts, to his great damage, etc., wherefore, he prayed for the issuance of a temporary writ, and, on final hearing, that the statute and orders be declared unconstitutional and void, and appellants perpetually enjoined, etc. The nature of appellee's suit is further revealed by an excerpt from his brief, as follows: "Appellee alleged that appellants were acting without authority of any valid law, rule, order or regulation, and were claiming their right to so act because of void and unconstitutional laws, orders, rules and regulations, but that despite such illegality, appellants would enforce the same by force of arms and by the use of State Rangers."

The trial court overruled appellants' plea to the jurisdiction, sustaining the contention of appellee, evidently, on the idea that said statute and orders of the commission are unconstitutional and void, entered the order appealed from, enjoining defendants, during the pendency of the suit, from interfering, in any manner, with appellee in his possession, use, and disposition of the properties of the Ajo Oil Corporation; from interfering with the production of oil and gas therefrom; from instituting and prosecuting any suit or suits against the receiver or his employees for penalties or injunction, from closing down any of the said oil wells, and from interfering with the receiver in the operation of

the properties until further orders of court, etc.

In answer to the jurisdictional plea, appellee contends: (a) That the appointing court being in possession, through its receiver, of the properties and business of the Ajo Oil Corporation, had exclusive jurisdiction as to its control and operation; and (b) the suit being against appellants as individuals, was properly brought in Dallas, the county of the residence of Mr. Pierson, one of the defendants.

■ We agree that the appointing court, through its receiver, is entitled to the custody of the estate and business, and has exclusive jurisdiction in regard to all matters of mere administration, but do not think the doctrine can be extended so as to exempt a receiver from obedience to the regulatory laws of the state, nor actions brought by him, from statutes controlling venue or jurisdiction. The doctrine on this point is announced in 53 C. J. 320, as follows: "The venue of actions by receivers must conform to any statutory provision in respect thereto, or relating to venue generally, And rules of equity giving courts a broad jurisdiction in the matter of protecting estates in the hands of receivers must yield to statutory provisions for the protection of those against whom proceedings are brought. So far as venue is concerned, a petition by a receiver to make a stranger to the receivership proceeding a party to a suit to determine title to property, is to be treated as an action in itself, independent of and separate from the receivership proceeding proper." In this state, a receiver may sue and be sued, in his official capacity, in any court of the state of competent jurisdiction, without leave of the appointing court. See article 2310, R. S. 1925. So, in the management of the properties and business of Ajo Oil Corporation, appellee has the same right to appeal to the courts as other litigants, and is just as amenable to the regulatory statute and orders of the Railroad Commission, as was Ajo Oil Corporation, neither more nor less. See State v. Flannelly, 96 Kan. 372, 152 P. 22, 26.

■ We do not deem it necessary to discuss the subject, yet express the opinion that the proration act of the Legislature is a valid enactment, and that neither order of the Railroad Commission, complained of, is void upon its face, but, if it be conceded that the statute or orders of the commission, on proper judicial consideration, ought to be declared unconstitutional and void, still the question remains, what tribunal is clothed with power to pronounce the sentence of death? Appellee insists, strenuously, that, as the statute and orders are unconstitutional, no obligation rests upon him to comply. This is perfectly sound constitutional language, as said by Chief Justice Marshall in Marbury v. Madison, 1 Cranch, 137, 177, 2

L. Ed. 60, "A legislative act contrary to the constitution is not law;" "that an act * * repugnant to the constitution, is void," but appellants assert as strenuously that the statute and orders are perfectly valid, and that, as public officers, it is their duty to compel obedience thereto. So, in this situation, what tribunal is to judge between appellee and appellants? We think the following statute conclusively answers the question: Section 8 of an act adopted at the Fourth Called Session of the 42d Legislature (chapter 2), amending section 8 of chapter 26, Acts of the First Called Session of same Legislature (Vernon's Ann. Civ. St. art. 6049c, § 8), provides that: "Any interested party affected by the conservation laws of this State relating to crude petroleum oil or natural gas, and the waste thereof, including this Act, or by any rule, regulation or order made or promulgated by the Commission thereunder, and who may be dissatisfied therewith, shall have the right to file a suit in a court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission, as defendant, to test the validity of said laws, rules, regulations or orders. * * *"

■ That plaintiff's suit is an expressed dissatisfaction, on constitutional grounds, with the statute and orders of the Railroad Commission, seeking to have the court declare same unconstitutional and void, is perfectly obvious, and, in our opinion, is clearly within the definition of the statutory action made cognizable alone in a court of competent jurisdiction in Travis County.

The question here involved was settled by the recent decision of Section B of the commission, in an opinion by Judge Critz, adopted by the Supreme Court, in Alpha Petroleum Co. v. C. V. Terrell et al., 59 S.W.(2d) 364, 371, 372. The suit was brought in Montgomery county by the Alpha Petroleum Company against members of the Railroad Commission, the county attorney of Montgomery county, a deputy supervisor of the Conroe oil field, under appointment by the commission, etc., to enjoin the enforcement of two oil and gas rules or orders promulgated by the Railroad Commission. The same question of jurisdiction was urged in that case as presented in the instant case; the trial court overruled the plea, but was reversed by the Court of Civil Appeals (54 S.W.(2d) 821), holding that the district court of Montgomery county was without jurisdiction, and its decision was affirmed by the Supreme Court, as above stated. The controlling statute discussed by Judge Critz was section 8 of chapter 26, enacted at the First Called Session of the 42d Legislature, later amended, being the law controlling the question under consideration. The evident purpose of these enactments (the original and amendment) was to create a statutory action, cognizable

alone in a court of competent jurisdiction in Travis county, whereby an interested party, in a suit against the Railroad Commission, as defendant, may have the validity of the proration acts of the Legislature, or orders of the commission, tested. After an exhaustive review of authorities in the Alpha Petroleum Co. Case, Judge Critz used the following pertinent language: "We think the above authorities fully and conclusively demonstrate that the statute requiring suits to 'annul, correct, or modify' the conservation rules of the Railroad Commission to be brought in a district court of Travis county, Tex., is jurisdictional by nature, and does not violate or contravene any provision of our state Constitution. We think further that any other holding would lead to intolerable confusion. If all district courts of this state had jurisdiction of such matters, different courts of equal dignity might reach different and conflicting conclusions as to the same rule. Manifestly, the jurisdictional provision under discussion was incorporated in the act for the express purpose of avoiding such confusion."

For reasons stated, we think the trial court erred in overruling appellants' plea to the jurisdiction, and in granting the temporary writ, therefore, reverse its judgment, and here render judgment for appellants, dissolving the temporary injunction.

Reversed and rendered.