## NELSON v. THOMPSON.

### No. 11567.

Court of Civil Appeals of Texas, Dallas.

July 1, 1933.

Rehearing Denied Sept. 30, 1933.

Wynne & Wynne, of Wills Point, for appellant.

Thompson, Knight, Baker & Harris and Lively, Dougherty & Alexander, all of Dallas, for appellee.

JONES, Chief Justice.

In a suit in the 101st judicial district court of Dallas county, in a case styled Walter H. Wilson et al., Plaintiffs, v. R. C. Chastain, Trustee, et al., Defendants, Robert Thompson, appellee, was appointed receiver to take charge of a small tract of land situated in Gregg county, said to contain four acres of land, more or less, and described by metes and bounds. Appellee duly qualified as such receiver, and took possession of the said tract of land. It appears from the record that appellee, as receiver, was holding the said land under a certain oil and gas lease from Ida Waldon and her husband, George Waldon, to Guy Stumpf, and under the orders of the district court was operating an oil well on the land. This oil well is not the one whose title is in question in the instant suit.

On May 11, 1933, appellee filed a petition in the suit in which he was appointed receiver, against J. M. Lapin, L. P. Stumpf, Clarence McFall, Ida Waldon and husband, George Waldon, and W. A. Browne, alleging his actual and constructive possession of the land as receiver, and further alleging that on or about July 15, 1932, the above-named parties entered upon a small described strip of land, ousted appellee therefrom, drilled, and have since operated, an oil well on said strip of land; that they extracted therefrom "large amounts of oil and have purported to sell said oil and have refused to account to plaintiff for said oil, or the proceeds therefrom, all in defiance of the rights of the receiver, and in contempt of this Honorable Court."

On June 3, 1933, an amended petition was filed by appellee in said suit, in which it is alleged that, upon a hearing in said district court, under the original petition, "It was shown that C. H. Murray, Burt Wrather, Leon Griffith, J. S. Nelson (appellant herein), were in possession of the property herein (the small strip of land), and were exercising control and dominion of same." The amended petition complained of the same parties named as defendants in the original petition, and named as additional defendants the parties above named. The amended petition, in effect, made the same allegations as to appellee's ouster, the entry upon the described acre of land by these parties, the boring and operating of an oil well, and a refusal to deliver the oil, or its proceeds, from the oil well on said strip of land, to appellee. Following the allegations and the prayer of the amended petition, which was duly verified, the court entered the following order, without notice or hearing, and with no evidence, other than the allegations of fact contained in the verified petition:

"Upon consideration of the foregoing petition, it is ordered by the Court that upon the plaintiff executing a bond in the sum of $1,000 conditioned, approved and payable as provided by law, that a writ of injunction issue as prayed for restraining and enjoining the defendants herein, their agents, attorneys, associates, servants and employees, from taking any further proceedings, filing further proceedings, procuring the issuance of any orders, serving or attempting to serve any writs of process in the cause filed in the district court of Gregg County, 71st Judicial District, Cause No. 8747-A, or from in any way further prosecuting said suit, or any

cross action, or plea in reconvention therein, and from in any way going upon the premises or operating the oil well described in this petition or in any way molesting or interfering with the possession of plaintiff and the operation of said oil well by him, or disturbing plaintiff in his possession and occupancy of said land; all until the further order of this court.

"It is further ordered that the defendants, and each of them be notified and cited to appear in this court in the city and county of Dallas, State of Texas, on the 24th Day of June, 1933, at nine o'clock A. M., and show cause why they should not be compelled to account to plaintiff for the oil extracted from said well and lease, and be compelled to set up their title, claim and interest, if any, in said land and said lease, and fully and finally restore possession to plaintiff, and to show cause why the additional relief prayed for by plaintiff should not be granted; at which time the matter will be fully heard and determined.

"[Signed]   Claude M. McCallum, Judge."

The bond was filed, the injunction issued, and appellant alone has duly perfected an appeal from this judgment. It thus appears that appellant, without a day in court and without notice, is effectively prohibited from prosecuting a suit filed by him and those who were made codefendants by appellee's amended petition, previous to the filing of the amended petition, but subsequent to the filing of the original petition, and that appellant is effectively prohibited from going upon the property, of which he and his codefendants held possession for approximately a year, and also are effectively prohibited from operating the oil well he had been jointly operating with his codefendants, and also prohibited from interfering with the possession of appellee and his operation of such oil well. In other words, on the filing of a suit to try title, by a proceeding summary in effect, appellant has been ousted of possession of said acre tract of land, and the producing oil well operated thereon, and appellee, as plaintiff in such suit, is placed in possession to operate same, notwithstanding appellee's amended petition shows that appellant and his codefendants had gone upon said tract of land under a claim of ownership, and was holding same under such claim at the time the said petition was filed, and the summary proceedings had.

Two questions arise upon this appeal, viz.: (a) Does the record clearly show that the district court of Dallas county had acquired jurisdiction of the subject-matter of appellee's complaint against appellant, previous to the filing by appellant and his codefendants of the suit in Gregg county against the receiver to try title to the same strip of land? (b) Appellant and his codefendants, being strangers to the receivership proceedings in Dallas county, and having been in possession of, and claiming title to, the oil and minerals in said one-acre strip of land, can appellant be ousted of such possession by the summary proceedings above described?

While the allegations in appellee's amended petition show that when he was appointed receiver he was placed in actual and constructive possession of the entire property described in such petition, these allegations also show that, for approximately twelve months preceding the filing of such petition, actual possession to the narrow strip of land in question was in appellant and his codefendants; and that during the time the actual possession of the property in question was in appellant and his codefendants, an oil-producing well was brought in by them on said property, and was being operated at the time the petition was filed. The only conclusion warranted by these allegations is that appellee knew appellant and his codefendants were asserting a claim of ownership to the property in question, and under such claim had taken possession of this one-acre tract of land, were operating an oil well thereon, and had instituted suit in a district court of Gregg county to establish their claim of title to the property. Both the suit by the receiver in the Dallas county district court, and the suit by appellant and his codefendants in the Gregg county district court, are in form of trespass to try title to the same property.

In suits of this character, between a receiver and others who are strangers to the receivership, "the receiver merely stands in the place of * * * the party over whose property he has been appointed receiver," Ex parte Renfro, 115 Tex. 82, 273 S. W. 813, 814, 40 A. L. R. 900, 901, and authorities therein cited. The fact, therefore, that appellee as receiver instituted this suit in the district court in which the receivership is pending, is not a potent element in determining the venue or prior jurisdiction of the Dallas district court in this suit. Article 2310 provides that a receiver of property within the limits of this state may "sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him." Suits by parties who are strangers to a receivership against the receiver, or suits by a receiver against strangers to the receivership, are governed by the venue law of this state, without regard to the fact that one of the parties is a duly qualified and acting receiver. James V. Allred et al. v. L. B. Hudson (Tex. Civ. App.) 62 S.W.(2d) 230; Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 981; Paine v. Carpenter, 51 Tex. Civ. App. 191, 111 S. W. 430, 431; Dilworth & Marshall v. Kirby (Tex. Civ. App.) 253 S. W. 860.

As shown by the pleadings of appellee, the

instant suit is to try the title to an acre tract of land; also, as shown by the same pleadings, the suit filed in Gregg county is to try the title to the same tract of land. The venue of such a suit is statutory and is given in subdivision 14 of article 1995, R. C. S.: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

While this statute is mandatory in terms, the decisions are to the effect that, when a suit to try title to land is filed in some county other than that in which the land, or a part thereof, is situated, there must be an affirmative pleading on the part of the defendants to such suit objecting to the venue of the suit in a county other than the one in which the land is situated, or the suit may be legally prosecuted to judgment in the district court of the county in which it is filed. Knoles v. Clark (Tex. Civ. App.) 163 S. W. 369; Commonwealth Bonding & Cas. Ins. Co. v. Bowles (Tex. Civ. App.) 192 S. W. 611.

In discussing that part of the injunction which restrains appellant and his codefendants from prosecuting their suit in the district court of Gregg county, it must be borne in mind that, by his original petition, appellee placed in issue the title to the land, between himself as receiver and those parties named defendants therein, but that appellant and his codefendants were not made parties to the suit by such petition; that upon some character of hearing had on the original petition, it was developed that appellant and his codefendants were in possession of the land and claiming title to it, and that the defendants named in the original petition were not in possession of the land or claiming title thereto; that the statutory venue of such suit was in Gregg county, where the land is situated, and not in Dallas county; and that previous to the filing of the amendment, making appellant and his codefendants parties to the instant suit, appellant and his codefendants had filed their suit in the district court of Gregg county naming appellee as a defendant. In other words, the parties defendants really at issue with appellee on the title to the land were made parties to the instant suit after the filing of the Gregg county suit. Under such conditions, it is claimed by appellee that, when the amended petition was filed and appellant and his codefendants made parties defendants, such petition related back to the filing of the original petition, and that the Dallas county district court thereby acquired jurisdiction of the parties and the subject-matter of the suit prior to the Gregg county district court, and that the injunction was properly issued to protect the jurisdiction of the Dallas county district court. Appellee cites Cleveland v. Ward, 116

Tex. 1, 285 S. W. 1063, 1067; Way & Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.(2d) 1067; La Rue Holding Co. v. Essex (Tex. Civ. App.) 45 S.W.(2d) 319, as conclusive of this question.

If those parties made defendants by appellee in his original petition are necessary parties to the suit to determine the title and the consequent right of possession to the land in question, then, under the doctrine of the cases relied upon by appellee, by the filing of the original petition, the Dallas county district court is given jurisdiction to try such title against all necessary parties to the suit from the date of the filing of the original petition, without regard as to whether such parties are named in the original or in a subsequently filed amended petition, unless such jurisdiction be defeated by a proper and timely interposed pleading, objecting to the venue of the suit in Dallas county. However, if it was developed at the hearing on the original petition, as appears in this case, that the parties named defendants in the original petition were not necessary parties, in that they did not claim any right, title, or interest in the land in question, then we do not believe such original petition would have such effect, because no disputed issue of title was raised by the parties to the suit until the filing of the amended petition.

In the cases relied upon by appellee, there was no question but that venue of the suit was properly laid in the court whose jurisdiction was first invoked by the filing of the original petition. In the instant suit, however, statutory venue to try the title to land situated in Gregg county is in Gregg county, where appellant and his codefendants filed their suit, and the jurisdiction of the Dallas county district court may be defeated by a proper plea to the venue by appellant. As appellant joined in the filing of the suit in Gregg county, and prosecutes this appeal, we may properly assume that he will seasonably object to the venue of the suit in Dallas county, and thereby destroy the jurisdiction of the Dallas county court to try the title to the land in question.

Did the court err on that part of the injunction which, in effect, ousts appellant from possession of the property in controversy and places the receiver in possession of same with the right to operate the producing oil well? The rule is well established that a receiver has no right ordinarily through summary proceedings, or in a summary manner, to take into custody property found in the possession of strangers to the suit, claiming adversely. Ex parte Renfro, supra; annotations to this opinion in 40 A. L. R. beginning on page 904, where the above proposition of law is announced and supported by a long list of authorities from many jurisdictions.

■ There is another rule of law well established in this state, that generally it is the duty of a trial court to refuse an application for a temporary writ of injunction, when the effect of the issuance of such writ is to grant all the relief to the applicant that could be granted on a final trial. City of Farmersville v. Texas-Louisiana Power Co. et al. (Tex. Civ. App.) 33 S.W.(2d) 272, 274; James v. E. Weinstein & Son (Tex. Com. App.) 12 S. W.(2d) 959; Welsh et al. v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354; and cases cited in the respective opinions in these cases.

■ In the instant suit, by temporary writ of injunction, the court has enjoined appellant from prosecuting a suit in the county where the venue is fixed by law, has ousted appellant of possession of the property in question, prohibited him from going upon the premises and in any manner operating the oil well thereon, and has in effect turned the possession and operation of the oil well to the appellee, on an ex parte hearing. Under the above authorities this was error. We therefore hold that the injunction should be dissolved, and it is so ordered.

Cause reversed, and injunction dissolved.