BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised; on the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**WALL STREET CHURCH OF CHRIST, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11615.**

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**W. Edd BROWN, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11616.**

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**Glad SNODGRASS, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11617.**

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of