## BROWN v. MURRAY.

### No. 11613.

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

Owen M. Murray, receiver for the North Texas Trust Company, Inc., filed suit in the Ninety-Fifth district court of Dallas county, complaining of J. A. Callahan, W. Edd Brown, and the First Christian Church of Floydada, Tex., on three municipal paving certificates, issued by the governing body of said city. W. Edd Brown was sued as trustee for said church and, as such, in due time filed his statutory plea of privilege. Appellee, by controverting affidavit, challenges the right of transfer under the venue statutes of this state, on the ground that, by virtue of an order of said district court, in cause No. 98816–D, styled Mrs. R. M. Curtis v. North Texas Trust Company, Inc., he was appointed receiver for said trust company, and qualified as such; that as a part of the estate there came into his possession, as an officer of the court for the purpose of liquidation, the three paving certificates; therefore, the appointing court has exclusive jurisdiction of the subject-matter of the suit. From the interlocutory order of the court, overruling his plea of privilege, appellant appealed.

We do not concur in the contention raised by appellee that the receivership forum has exclusive jurisdiction of suits involving liquidation of choses in action placed in a receiver's hands, by virtue of his appointment. In our opinion, such appointment and the possessory right to the trust estate do not supervene the venue statutes of this state; receivers may sue and be sued in any court, of the state, of competent jurisdiction. The district court of Floyd county is a court of competent jurisdiction of the stated cause of action, and is the venue forum of both appellant and the subject-matter of the suit. The receiver's appointment, and the rights granted thereunder, do not confer venue or jurisdiction on the district court of Dallas county.

In the case of J. T. Kirk v. Owen M. Murray, 67 S.W.(2d) 385, this day decided by this court, is an analogous situation, and the conclusions there stated are applicable here, making a further discussion unnecessary.

Judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the cause of action transferred to the district court of Floyd county, in accordance with the provisions of the venue statutes of our state (Vernon's Ann. Civ. St. art. 1995).

Reversed and remanded, with instructions.

## CHRISTIAN CHURCH OF FLOYDADA, Appellant, v. Owen M. MURRAY, Receiver, Appellee.

### No. 11614.

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised; on the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

---

**WALL STREET CHURCH OF CHRIST, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11615.**

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

---

**W. Edd BROWN, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11616.**

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

---

**Glad SNODGRASS, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

**No. 11617.**

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of