Mrs. Dora REAGAN, Appellant, v. Owen M. MURRAY, Receiver, Appellee.

No. 11612.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This is an appeal from an interlocutory order of a district court of Dallas county, overruling appellant's plea of privilege, filed in due order, in the suit of Owen M. Murray, Receiver, Appellee, v. Mrs. Dora Reagan, Appellant. Appellee controverted the plea by affidavit, stating that the suit is one involving property in custodia legis, in that the Ninety-Fifth district court of Dallas county had appointed him receiver of the North Texas Trust Company, Inc., and, as part of the assets of said company, he, as receiver, had taken possession of the paving certificates of special assessments issued by the governing body of the city of Floydada, Tex., against appellant and her property, and that he, in the exercise of the rights conferred by said court, instituted suit in the receivership forum, and that it has the exclusive jurisdiction of said cause of action. Appellant filed an exception to the controverting affidavit, as showing no exception to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), which, by the court below, was overruled, and, on the unchallenged proof that there existed no exception to venue in the county of appellant's residence, as provided by the venue statutes of this state, the court overruled appellant's plea of privilege.

In the case of J. T. Kirk v. Owen M. Murray, Receiver, 67 S.W.(2d) 385 (this day decided by this court), analogous to the situation here and involving paving certificates of the same series issued by the same municipality as here disclosed, we held that the receiver's cause of action was amenable to the venue statutes of this state, and the conclusion therein reached is applicable to the contentions here raised, making a further discussion of the issues here involved unnecessary.

We conclude that the action of the trial court in overruling appellant's exception to appellee's controverting affidavit cannot be sustained, and that the judgment of the lower court, in overruling the plea of privilege, should be reversed, appellant's plea of privilege sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes, and it is so ordered.

Reversed, and remanded, with instructions.