BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised; on the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**WALL STREET CHURCH OF CHRIST, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

No. 11615.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**W. Edd BROWN, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

No. 11616.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

**Glad SNODGRASS, Appellant, v. Owen M. MURRAY, Receiver, Appellee.**

No. 11617.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of

action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

## R. Fred BROWN, Appellant, v. Owen M. MURRAY, Receiver, Appellee.

### No. 11618.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

This record discloses an analogous situation to that in the case of J. T. Kirk, Appellant, v. Owen M. Murray, Receiver, Appellee, 67 S.W.(2d) 385, this day decided by this court, involving paving certificates of the same series issued by the same municipality, in which we held that the receiver's cause of action is amenable to the venue statutes of this state (Vernon's Ann. Civ. St. art. 1995), and the conclusion therein reached is applicable to the contentions here raised. On the strength of our holding in the above-cited case, the judgment of the lower court is reversed and remanded, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the relating statutes.

Reversed and remanded, with instructions.

## MANNING et al. v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 11362.

Court of Civil Appeals of Texas. Dallas.

Dec. 16, 1933.

Rehearing Denied Jan. 14, 1934.

Ashworth, Crisp & Ashworth, of Kaufman, for appellants.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, for appellee.

BOND, Justice.

Appellants, as beneficiaries of Charles Wesley Manning, deceased, filed their claim for compensation under the Workmen's Compensation Law (articles 8306 to 8309, R. S. 1925 as amended) against appellee, Texas Employers' Insurance Association, the liability carrier of Dodd & Wedegartner, by whom deceased is alleged to have been employed when killed. The Industrial Accident Board awarded appellants compensation; appellee appealed, filing suit in the district court of Henderson county. Appellants filed a cross-action. The allegations of the parties disclose all necessary causal and jurisdictional facts to confer jurisdiction upon said court, and raise the issue as to whether deceased was an employee of Dodd & Wedegartner at the time of his death.

The case was tried to a jury and, on conclusion of appellants' testimony, the trial court summarily directed a verdict for appellee, and thereafter rendered judgment against appellants.

The evidence shows that E. A. James was owner of several trucks engaged in hauling road material—sand, gravel, and cement—