## KIRK v. MURRAY.
### No. 11611.

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Sr., Lynn B. Milam, and Pat J. Howe, all of Dallas, for appellee.

BOND, Justice.

Appellee, Owen M. Murray, receiver, filed suit in the Ninety-Fifth district court of Dallas county against appellant, J. T. Kirk, on four municipal paving certificates issued by the governing body of the city of Floydada, Tex., and to foreclose an assessment lien on property belonging to appellant, located in said city. In due order of pleadings, appellant filed a plea of privilege in statutory form, challenging the venue of the suit in Dallas county, alleging the domicile of appellant to be in Floyd county, and denying that any exception to exclusive venue, mentioned in article 1995, Vernon's Ann. Civ. St., exists in said suit. Appellee filed a controverting affidavit, alleging that the said district court of Dallas county has exclusive jurisdiction over the subject-matter of the suit, in this, that said court had theretofore, in cause No. 98861–D, styled Mrs. R. M. Curtis v. North Texas Trust Company, Inc., appointed him receiver of said trust company; that the paving certificates sued upon were part of the assets of said company and had been placed in his hands by said court for the purpose of preservation and liquidation, thus are in custodia legis, and thereby draws appellant, and all rights of the receiver to the paving certificates, into the receivership forum. No allegation is made of any exception to venue in Dallas county, provided by the venue statutes of this state.

This is an appeal from an interlocutory order of said district court, overruling appellant's said plea of privilege. The contentions on this appeal are based on undisputed facts: Appellee was appointed receiver, by said district court of Dallas county; the municipal paving certificates sued on were the assets of the North Texas Trust Company, Inc., and had come into the receiver's possession as the result of his appointment; and that no exception to venue in Dallas county, provided by the venue statutes of this state, exists in appellee's cause of action.

Appellee bases his right to maintain the action in the district court of Dallas county on the proposition that the appointing court is in possession, through its receiver, of the assets of the North Texas Trust Company, Inc., has exclusive jurisdiction as to its preservation and liquidation, and thereby draws all parties, having a contractual relationship with the company, into the jurisdiction of that court, and vests that court with exclusive jurisdiction in all litigations ancillary to its possession.

■ Appellee's suit is not one in rem; in no way is the administration of the receivership involved, or is it sought to disturb the possession of the receiver to property belonging to the trust company, which has come into his hands, or is it a suit involving the orders of the court appointing the receiver. The appointed receiver has but succeeded to whatever rights the trust company had in the certificates, and any action thus brought by the receiver is amenable to the statute controlling venue or jurisdiction. An action by a receiver, without touching the possession of the property, as in this case, is maintainable as a separate suit, and bears no relation to the suit in which the receiver was appointed, except the possession of the matter in suit was placed in the receiver by the appointment, granting him the right to sue, in any court of this state, having jurisdiction of the cause of action. The receiver's rights, under the appointment, to sue and be sued, do not confer jurisdiction on the court making the appointment. Article 2310, R. S. 1925.

In the case of Allred et al. v. Hudson, 62 S.W.(2d) 230, 231, this court, speaking through Mr. Justice Looney, after quoting with approval, as applicable to a situation as here, the announced doctrine in 53 C. J. 320, that "the venue of actions by receivers must conform to any statutory provision in respect thereto, or relating to venue generally," said: "In this state, a receiver may sue and be sued, in his official capacity, in any court of the state of competent jurisdiction, without leave of the appointing court." Also see Bowles v.

386

Mitchell, 245 S. W. 74, 78, in which the Commission of Appeals, in considering the statutory provisions as to the rights of a receiver appointed by the courts to sue and be sued, in expressly reversing the decision of the Amarillo Court of Civil Appeals, and in approving the holding of the Fort Worth Court of Civil Appeals, in Mitchell v. Hancock, 196 S. W. 694, and Mitchell v. Porter, 194 S. W. 981, announced that: "If the Legislature had intended the statutes to have the effect given them by the Amarillo court, they could much more simply have provided that receivers of corporations may sue or be sued without first obtaining the permission of the courts appointing them, but only in a court in the county of the principal office of the given corporation. But, the Legislature did not so provide. By enacting the two articles now under consideration, it expressly, in our opinion, disavowed any intention to show any such partiality to receivers, but made them subject to the venue laws of our state, just as others, including the corporations themselves, are."

We conclude that appellee's suit is amenable to the venue statute of the state, and the controverting affidavit seeking to retain venue in Dallas county is not available as disclosing an exception to the exclusive venue of the suit in the county of the residence of the defendant, and that appellant's plea of privilege should have been sustained; therefore the judgment of the lower court is reversed, appellant's plea of privilege is sustained, and the suit transferred to the district court of Floyd county, in accordance with the statutes relating to such pleas.

Reversed and remanded, with instructions.