**BROWN v. MURRAY.**

No. 2946.

Court of Civil Appeals of Texas. El Paso. Jan. 11, 1934.

Rehearing Denied Jan. 25, 1934.

H. D. Payne, of Floydada, for appellant.

John W. Pope, Lynn B. Milam, and Pat Howe, all of Dallas, for appellee.

PELPHREY, Chief Justice.

On April 23, 1932, appellee was appointed receiver of the North Texas Trust Company, Inc. A part of the estate of said North Texas Trust Company, Inc., was two special assessment certificates issued by the governing body of the city of Floydada, Tex. These certificates were evidences of assessments against appellant for paving improvements abutting property owned by him. On January 10, 1933, appellee filed suit against appellant in the Ninety-Fifth district court of Dallas county, Tex., alleging the two certificates to be a part of the estate of the North Texas Trust Company, Inc.; that a balance was due thereon; that said balance was secured by statutory assessment lien on the property; and prayed for judgment for the balance due, for foreclosure of the lien, for attorney's fees, and general relief.

On February 7th appellant filed his statutory plea of privilege. Thereafter, appellee filed what purports to be a controverting affidavit in which he alleged the certificates to be a part of the assets of the North Texas Trust Company, Inc., of which he was receiver; that the property was in his possession as an officer of the court; that the court, having obtained possession of said certificates by virtue of the receivership suit, had exclusive jurisdiction, and therefore it was proper that the venue be maintained in Dallas county.

A hearing was held on the plea of privilege, and it was overruled. From that order this appeal has been perfected.

Appellant presents four assignments of error, but in accordance with the view we take of the matter there is really a single question which must be decided. That is, whether the fact that a court, acting through a receiver, has taken possession of property, gives that court exclusive jurisdiction of actions affecting that property rendering the venue statutes inoperative.

■ In a recent case Chief Justice Jones of the Dallas Court of Civil Appeals had this to say relative to the venue of actions instituted by a receiver: "Suits by parties who are strangers to a receivership against the receiver, or suits by a receiver against strangers to the receivership, are governed by the venue law of this state, without regard to the fact that one of the parties is a duly qualified and acting receiver." Nelson v. Thompson (Tex. Civ. App.) 64 S.W.(2d) 373, 375. We feel that that holding, which appears to be supported by the authorities cited, is decisive of the question here.

■ There being no allegation or proof that this case falls within any exception to the venue statute, appellant was entitled to have it tried in the county of his domicile.

The judgment overruling the plea of privilege is reversed, and the cause ordered transferred to the district court of Floyd county, Tex., for trial.