## SURGINER v. MURRAY.

### No. 2949.

Court of Civil Appeals of Texas. El Paso.

Jan. 18, 1934.

Rehearing Denied Jan. 25, 1934.

H. D. Payne, of Floydada, for appellant.

Lynn B. Milam, Pat Howe, and John W. Pope, all of Dallas, for appellee.

WALTHALL, Justice.

Appellee, Owen M. Murray, in his official capacity as receiver of the North Texas Trust Company, Inc., filed this suit in the district court of Dallas county, Tex., against appellant, I. O. Surginer, who resides in Floyd county, Tex. As part of the estate of the North Texas Trust Company that came into appellee's hands as such receiver for administration, preservation, and liquidation, and upon which this suit is based, are four municipal certificates of special assessment, issued by the governing body of the city of Floydada, Tex., to L. C. Lacy, the contractor, for paving improvements abutting property owned by appellant, I. C. Surginer, in the city of Floydada, Tex.; L. C. Lacy having sold and assigned the four certificates of special assessment to the North Texas Trust Company, Inc., prior to receivership. Appellee alleged that default had been made in the payment of the certificates, and that the sums due, as evidenced by said certificates, were secured by a statutory assessment lien.

The receiver asked judgment for the balance due on the certificates, for foreclosure of the assessment lien, for attorney fees, as provided in the certificates, and for costs.

I. C. Surginer filed his plea of privilege, in proper form, alleging his residence to be in Floyd county, Tex., and prayed that the cause be transferred to that county.

Within the statutory period the receiver filed a controverting plea to the plea of privilege alleging, in substance, the facts embraced in his petition, his appointment and qualification as receiver of the North Texas Trust Company, in the cause stated, giving its style and number; that the certificates sued upon were a part of the estate of the company of which he was receiver and were in his possession for the purpose of administration, etc.; that the district court of Dallas county, having obtained possession of the estate, in said cause, including the said certificates, for the purposes stated, the district court of Dallas county has exclusive jurisdiction of all ancillary matters pertaining to the property of said estate; and that the venue of this suit is exclusively in Dallas county.

The court overruled the plea of privilege, and from said ruling appellant prosecutes this appeal.

### Opinion.

The facts of the case are not controverted. Appellant at all of the times involved was a resident of Floyd county, and it was his privilege under his plea to have the suit transferred to Floyd county unless by some exception to the venue statute, article 1995, or some provision of the statute the exclusive venue would be in Dallas county by reason of the facts stated in appellee's controverting plea.

Appellee's counter proposition, as in his controverting plea, is: That the district court of Dallas county, having taken physical possession of the property involved in the suit, through the court's receiver for the purpose of administration of said estate, the property then being in the custody of the district court of Dallas county, it necessarily follows as a matter of law that no other district court in the state has jurisdiction in any matter affecting the estate, that the plea of privilege presents a venue question which is incidental to the Dallas county court's exclusive jurisdiction; and the plea should be overruled.

The case of Nelson v. Thompson recently decided by the Dallas Court of Civil Appeals, and the cases referred to in the court's opinion, reported in 64 S.W.(2d) at pages 373, 375, decides the question presented against appellee's contention. In that case the opinion of the court is as follows: "In suits of this character, between a receiver and others who are strangers to the receivership, 'the receiver merely stands in the place of * * * the party over whose property he has been appointed receiver.' Ex parte Renfro, 115 Tex.

82, 273 S. W. 813, 814, 40 A. L. R. 900, 901, and authorities therein cited. The fact, therefore, that appellee as receiver instituted this suit in the district court in which the receivership is pending, is not a potent element in determining the venue or prior jurisdiction of the Dallas district court in this suit. Article 2310 provides that a receiver of property within the limits of this state may 'sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him.' Suits by parties who are strangers to a receivership against the receiver, or suits by a receiver against strangers to the receivership, are governed by the venue law of this state, without regard to the fact that one of the parties is a duly qualified and acting receiver.'²

▆▆▆ Appellant not being a party to the receivership suit in which the receiver was appointed, but a stranger to the record, an outsider, his interest adverse to that asserted by the receiver, in the suit, appellant is a stranger to the receivership. Ex parte Renfro, supra. No doubt the court appointing a receiver is entitled to the custody of the estate and business, and has exclusive jurisdiction in all matters of administration of the estate, but the doctrine is not extended so as to exempt a receiver from obedience to the statutes controlling the venue of suits or jurisdiction. The venue of actions by receivers must conform to statutory provisions in respect thereto. By provision of article 2310 of the statute, when property has been placed in the hands of the receiver, the receiver may, in his official capacity, sue and be sued in any court of this state having jurisdiction of the cause of action. Allred et al. v. Hudson (Tex. Civ. App.) 62 S.W.(2d) 230. Suits by receivers are not embraced in the exceptions under article 1995, providing that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile."

The court was in error in overruling appellant's plea of privilege. The case is reversed, and judgment here rendered that the plea be sustained, and the venue be changed to the district court of Floyd county.