## HEMPHILL v. JANDREW.

### No. 2948.

Court of Civil Appeals of Texas. El Paso.

Feb. 15, 1934.

Rehearing Denied March 8, 1934.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, for appellant.

Logan Ford and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellee.

WALTHALL, Justice.

On the 13th day of April, 1932, Hon. W. M. Taylor, judge of the Fourteenth district court of Dallas county, Tex., in cause styled Herbert W. Jester v. American Motors Finance Company, appointed appellee, H. A. Jandrew, receiver of the American Motors Finance Company, with authority and direction to take possession of all the properties, assets, real and personal, and to administer same under the authority and pursuant to the orders of his court. The receiver duly qualified as such receiver, and at all times thereafter has been acting in such capacity. Previous to the receivership, appellant, A. G.

Hemphill, represented the American Motors Finance Company in Lamb county, Tex. Subsequent to the receivership and prior to the matters hereinafter stated, Receiver Jandrew employed appellant, Hemphill, to represent him in the matters of the receivership in Lamb county in collecting various notes and accounts secured by chattel mortgages on automobiles which comprised a portion of the said receivership estate.

Thereafter appellee, receiver, made demand upon appellant, Hemphill, that he turn over to him the sums of money and automobiles which appellant had collected and repossessed. Appellant refused to do so. Subsequently to said demand and refusal appellee filed his application in the receivership proceeding in Dallas county, praying for: (1) An order of the court directing appellant to deliver to appellee all moneys and chattels in his possession which appellant had collected and repossessed pursuant to an arrangement which he may have had with American Motors Finance Company, or its receiver; (2) for an order requiring appellant to appear, at the time stated, and show cause why he should not be held in contempt of the Fourteenth district court of Dallas county, for failure to deliver to the receiver the moneys and properties described in said application; (3) for an injunction enjoining appellant, his agents, employees, etc., from repossessing or taking into his or their possession any moneys or properties of any character whatsoever belonging to the American Motors Finance Company, or of which appellee as receiver is entitled to possession, and enjoining appellant from disposing of certain chattels and properties described other than delivering same to appellee; and enjoining appellant from interfering in any manner with the assets of the American Motors Finance Company in receivership, and appellee, its receiver, in his administration of the estate. The court granted the application and directed the issuance of said writ of injunction, and stated the time and place for appellant to appear and show cause why he should not be held in contempt of the court for failure to deliver and remit to appellee said moneys and properties.

Appellant was duly served with citation, writ of injunction, and writ of possession.

In due time appellant filed his plea of privilege to be sued in Lamb county, the county of his residence.

Appellee in due time filed his controverting affidavit, first, in the nature of a general demurrer to the plea of privilege; second, the appointment of appellee as receiver of said estate of American Motors Finance Company, and his qualification, with authority and direction to take possession of all of its properties, and to institute such suit or suits as in his judgment might be necessary and advantageous in the performance of his duties as receiver; appellant's refusal to deliver on demand said moneys and properties, the filing of appellee's said application for injunction, etc., and the court's orders, and stating appellee's contentions to the effect that the suit is not within the meaning of article 1995 of the venue statute (Vernon's Ann. Civ. St.); that the district court of Dallas county is the only court having jurisdiction of the parties and the venue, and, for reasons stated, the plea of privilege should be overruled. The controverting affidavit further states the purpose of the suit against appellant to be to recover the moneys and properties described in the original petition, that petition being made a part of the controverting affidavit, and to enjoin appellant from collecting additional sums of money and repossessing additional properties under a written contract, stating its date, between American Motors Finance Company, appellant, and J. E. Barnes, trading in the name of Hemphill & Barnes Insurance Agency, and which contract was subsequently transferred to, and the duties contained therein assumed by, appellant, and which written contract expressly provides that it is enforceable in Dallas county, Tex. The contesting affidavit further refers to and recites other written contracts between appellant and representatives of American Motors Finance Company, all prior in time to the receivership, in the matter of the business of American Motors Finance Company, and which contracts by their term are performed in Dallas county. For reasons stated, appellee submits that the venue of this proceeding is in Dallas county.

The court on the hearing of the plea of privilege and the controverting affidavit made no order as to appellee's general demurrer, but overruled appellant's plea of privilege, to which ruling appellant duly excepted, and prosecutes this appeal.

## Opinion.

The above statement of the nature and result of the suit or controversy in the district court of Dallas county between appellant and appellee sufficiently indicates the points at issue on this appeal.

Appellant, A. G. Hemphill, at all the times involved here, was a resident of, and had his

domicile in, Lamb county, Tex., and in the suit duly filed and presented his plea of privilege to be sued in Lamb county.

The sufficiency of the plea is not controverted.

█ Appellant submits that it was error for the trial court to overrule his plea of privilege to be sued in Lamb county, the county of his residence, under the uncontroverted facts in the case.

The record shows that on April 13, 1932, Herbert W. Jester, as plaintiff, brought suit in the district court of Dallas county, Tex., against American Motors Finance Company, a corporation, as defendant, and in that suit prayed for and secured the appointment of a receiver for the defendant corporation, with full powers to settle its affairs, collect its outstanding debts, and divide the moneys and other properties belonging to the defendant among the stockholders, etc. In that suit the court appointed appellee, H. A. Jandrew, receiver of the defendant corporation and of its properties and assets of every kind, on his giving bond, and ordered the appointed receiver forthwith to take charge of the estate, property, and effects of every kind, and vested appellee with power to prosecute and defend any and all claims or suits, and to appoint such agents or employees under him as he (the receiver) may deem necessary and appropriate, and to discharge any such agent or employee, and to fix their compensation, etc. It was further ordered that the receiver keep a record of all receipts, expenses, and disbursements, etc., and make reports of same; and further ordered that all other persons be enjoined from interfering with the receiver's possession of said assets. Other orders are shown by the record as to other parties not affecting the matters here.

The record shows that on September 26, 1932, the proceedings in this particular instance were filed in that case, Herbert W. Jester v. American Motors Finance Company, by the receiver, in which he makes application to the court for an order directing appellant, A. G. Hemphill, to deliver to him, receiver, certain personal property described; for an injunction restraining appellant from interfering with the receiver in the administration of the said estate; and for an order directing him to show cause why he should not be held in contempt for failure to turn over the property described. The application for such orders, briefly stated, shows: Hemphill's residence to be in Lamb county; appellee's appointment and qualification, as receiver; that on April 22, 1926, the American Motors Finance Company entered into a written contract with appellant and J. A. Barnes, of Lamb county, wherein they were appointed correspondents of said company, the said contract of appointment making provision for compensation of appellant and Barnes in the matter of the business referred to them in said contract. Subsequently on the 7th day of December, 1927, Barnes transferred his interest to appellant; in the contract appellant was to assume all liabilities of Hemphill and Barnes agency and to receive the benefits therefrom; the American Motors Finance Company agreed to said transfer and assignment, and accepted appellant as its agent under said contract. The contract is lengthy, and we need not state its terms at length; the duties of appellant, Hemphill, under said contract included the disbursing and collection of funds belonging to the American Motors Finance Company or Jester, the execution of certain instructions, settlement with delinquents, and the transaction of other business incident to said contract; after stipulating certain mutual obligations under said contract, it provided: "Should it be or become necessary to take action under the terms of this obligation, then such action may be had in the courts of Dallas County, Texas, where, for all purposes, this instrument is made enforceable."

The record shows that, pursuant to the terms of said contract, appellant entered upon his duties thereunder.

After the receivership, the receiver verbally employed appellant to aid him in the connection of accounts due and payable to the American Motors Finance Company in Lamb county, and to repossess such automobiles as the receiver may direct, upon which said company had a lien as security for certain notes purchased of appellant under said contract with the receiver; any moneys so collected appellant was to remit to the receiver's office at Dallas.

Without stating the matters in detail, the evidence shows that appellant had made disposition of some of the automobiles, had repossessed some, that he had some automobiles and some money in his possession, or under his control, and that both the American Motors Finance Company under the old contract and the receiver under the new contract owed or was indebted to him in some amount.

Under the above condition at the time of the hearing on the plea, appellee submits several counter propositions to the effect that appellant, having in his possession the assets of the company receivership, may, by sum-

mary proceedings filed in the original receivership proceeding, be required to deliver to the receiver possession of such properties, and may be punished for contempt for failure to do so, and that the district court of Dallas county, having jurisdiction of such receivership, administering the estate through its receiver, has exclusive jurisdiction of such summary proceedings, and that no other court has concurrent or other jurisdiction to entertain such proceedings, or to order or to interfere with the receiver in any way, or to settle or adjust his accounts; that all such matters are ancillary to the original receivership proceedings, and the venue of the same is determined by that of the main suit.

Appellee further submits that, where appellant by written contract with the American Motors Finance Company had agreed that should it become necessary to take action under the terms of that obligation, such action may be had in the courts of Dallas county, where, for all purposes, that instrument is made enforceable, and, where by verbal contract appellant was obligated to remit certain moneys collected to the county in which the receivership is pending, the Dallas court has the venue.

■ We concur in appellee's contention that the appointing court, through its receiver, is entitled to the custody of the estate and business in a receivership, and has exclusive jurisdiction as to all matters of mere administration of the estate in receivership, but we think it well settled that such exclusive jurisdiction cannot be extended so as to embrace the regulatory laws of the state, nor actions brought by the receiver from the operation of statutes controlling the venue of jurisdiction. The rule of decision is well stated by the Dallas Court of Civil Appeals in Allred et al. v. Hudson, 62 S.W.(2d) 230, Nelson v. Thompson, 64 S.W.(2d) 373, 375, and cases there referred to.

In I. C. Surginer v. Owen M. Murray, Receiver, 67 S.W.(2d) 449, this court had occasion to review some of the questions presented here. We think we need do no more than refer to the above cases since they are in point and express our views on the questions therein discussed.

■■ The other questions presented would not, we think, change the result. The fact that appellee brought this proceeding against appellant as incidental to the original suit of Jester v. American Motors Finance Company would not have the effect to fix the venue of the suit in Dallas county if the venue otherwise would properly be in Lamb county. As

said by Judge Jones in Nelson v. Thompson, supra: "The fact, therefore, that appellee as receiver instituted this suit in the district court in which the receivership is pending, is not a potent element in determining the venue or prior jurisdiction of the Dallas district court in this suit," and for the reason there stated. Also Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74; Kirk v. Murray, Receiver (Tex. Civ. App.) 67 S.W.(2d) 385. Without quoting from the above cases, they sustain appellant's contention on the points thus far discussed. We think it clear that the receiver, where he desires to obtain possession of property in the hands of a stranger to the receivership, claiming adversely, could bring the action apart from the receivership or make the third party a party to the receivership suit and have the receivership extended to him. Ex parte Renfro, 115 Tex. 83, 273 S. W. 813, 40 A. L. R. 900.

■■ But we think that neither method of bringing the suit could in any way affect the venue of the suit. Nor does the injunction or the contempt proceedings. The contract between appellee and appellant is verbal. The contract between the American Motors Finance Company and appellant, under a former employment, was in writing and provides: "Should it be or become necessary to take action under the terms of this obligation, then such action may be had in the courts of Dallas County, Texas, where, for all purposes, this instrument is made enforceable."

Appellee insists that his suit is on the written contract between appellant and American Motors Finance Company, from which it appears the above quotation is taken. Without quoting the petition at length, we do not find it referred to in any way in the petition asking for the appointment of the receiver and the dissolution of the corporation; he had no occasion to do so at that time. We find the written contract referred to and embraced in the ancillary proceedings filed on September 26, 1932, in which the receiver applies for injunction and other orders, among them to show cause against contempt proceedings. After stating the written contract, appellee alleged that, pursuant to the terms and conditions therein stated, appellant entered upon the duties therein provided. The pleading then stated the receivership and the employment of appellant by the receiver, and his duties thereunder, and his refusal to turn over to appellee the collections and the automobiles repossessed by him, to his damage. Then follow, in this proceeding, statements of facts as the basis for the injunction and oth-

er orders requested. In his prayer appellee does ask that appellant be directed to turn over, remit, and deliver to appellee all sums of money, chattels, automobiles, etc., in his possession, pursuant to any arrangement which he may have had with the American Motors Finance Company or its receiver.

Appellee's contesting affidavit proceeds upon the theory that the court in which the receivership is pending is the only court having jurisdiction; states again the receiver's application for the several orders above referred to; and specially states that "said application is not a suit within the meaning of article 1995"; "that this application is addressed peculiarly and particularly to the discretion of the court under whose authority the assets of the receivership is to be administered"; and that the plea of privilege is without merit. Again the controverting affidavit states that "this is a suit by and between Herbert W. Jester, plaintiff, and American Motors Finance Company," and that "the application of the receiver against the said A. G. Hemphill is an incident to the receivership proceedings and is ancillary to the original action filed herein, and this court having venue of the receivership proceedings by reason of the petition and answer of Herbert W. Jester and American Motors Finance Company, has jurisdiction, * * * and is the only court having jurisdiction of the parties and the venue of such application, * * * and the plea of privilege filed herein as a matter of law should be overruled." The controverting plea then states that the venue of this suit "* * * is properly laid in said court by reason of said written terms and agreements in said contract and each of them, which by their terms are expressly performable in Dallas County, Texas, as provided for in Section 5, Article 1995."

Taking the above statements together, we construe them to mean that appellee's suit is not based upon the written contract between appellant and Jester and American Motors Finance Company which provides that action on that contract may be had in Dallas county. But, should it be held otherwise, it seems to us that the written contract, by its terms, may not at the time of the suit be held to be a continuing contract even between the parties to it. It provides that: "This contract may, at the option of the first party, (Hemphill) be declared null and void." That is the contract relied upon by appellee as giving venue in Dallas county. Referring to that and other contracts between appellant and American Motors Finance Company, appellant testified:

"Question: Your other contract was terminated at that time?

"Answer: These contracts in evidence there, had been cancelled by agreement two years ago."

"Question: That was the agreement with Mr. Jester?

"Answer: Yes, sir; I had not been operating under those contracts for two years before the receivership."

The court apparently sustained an objection to the above questions and answers, but they are directly in point, and, under the above-quoted provision of the contract, terminated the contract.

We have concluded the court was in error in overruling the plea of privilege. The case is reversed and judgment here rendered that the plea be sustained and the venue be changed to the district court of Lamb county.