### B. L. AND EMMA AYCOCK v. WM. H. KIMBROUGH ET AL.

(Case No. 4689.)

1. EXECUTION SALE OF CO-TENANT'S INTEREST IN LAND.— A creditor may sell under execution the undivided interest of the judgment debtor in one of several tracts of land, in all of which the debtor owns an undivided interest with the same tenant in common.

ERROR from Falls. Tried below before the Hon. B. W. Rimes.

This suit was begun by an application for a writ of injunction by defendants in error, Melissa Kimbrough, wife of Wm. Kimbrough, Mollie E. Price, and Mrs. J. E. Perkins, wife of George Perkins. The defendants were Josiah Watson, sheriff of the county, B. L. Aycock and his wife, Emma Aycock, and A. P. Morris.

The petition set forth that Melissa Kimbrough and her husband, W. H. Kimbrough, Mary E. Price, Isadora E. Perkins and her husband, Geo. H. Perkins, and J. R. Morris, together with A. P. Morris, inherited from Henry Morris, their father, two lots in the town of Marlin, and a tract of one hundred acres of land in the country. That H. Morris died in 1875, and there were no debts of the estate, and that in December, 1878, there being no administration, they had made an agreed partition of the land, and set apart to A. P. Morris two acres of one of the town lots, and the rest of the land was owned in common since the partition by Kimbrough's wife, Perkins' wife and Mrs. Price. That J. R. Morris had by deed conveyed his interest as an heir to the other said heirs. That on November 14, 1873, Emma and B. L. Aycock had recovered a judgment in the district court of Falls county against A. P. Morris, their co-heir, for $156, and that on the 20th day of November, 1878, they had caused execution to issue and to be levied on two of the tracts — the one hundred acre tract and the store-house and lot in the town of Marlin — on the 4th day of December, 1878; that the judgment against their co-heir, A. P. Morris, was dormant because execution had not issued within a year from its rendition; that there was neither a judgment lien nor an execution lien; that while there was no agreement to so partition the property, A. P. Morris entered upon the four acre town tract, which was set aside to him on the —— day of August, 1877, and had ever since held and occupied the same; and in that partition (made the —— day of December, 1878), the same was set aside to him; that the levy covered the land that was set aside to plaintiffs.

The injunction was dissolved on a sworn answer exhibiting execution issued within a year from the date of the judgment against the defendant A. P. Morris, but the case was continued over. Aycock and wife, plaintiffs in error, sued out another execution against A. P. Morris, and levied on only one of the tracts of land, to wit, one hundred acres, to sell an undivided interest in the same, made sale, and plaintiff in error, Emma Aycock, bought the interest of A. P. Morris, defendant in execution, and following that filed her amended plea or cross action, asking for a partition of twenty-five acres to her — all the parties being in court. To this plea there was no answer.

Partition was refused and an injunction decreed against the levy and sale, under the execution first issued. The court filed statement of facts and conclusions of law.

It appeared from the findings of the judge that Mrs. Kimbrough,

Mrs. Price, Mrs. Perkins, J. R. Morris and A. P. Morris were children and heirs of Henry Morris, who died in Marlin in 1875. He left (besides personal property) the following real estate, viz.: his dwelling-house and lot (about seven acres) in Marlin, a store-house and lot on the public square in Marlin, and one hundred acres of land in the county of Falls, part of which was the land in controversy. It seems that J. R. Morris sold his interest in the estate to the other heirs, and was not made a party to this suit.

In 1873 Aycock and wife recovered a judgment against A. P. Morris for about $155. Execution issued on this judgment within the year, but was returned *nulla bona.* In the latter part of 1868 another execution issued and was levied upon the tract of one hundred acres and upon the house and lot on the public square. This was the execution which was enjoined in this suit.

After the dissolution of the injunction in 1879 another execution issued and was levied on A. P. Morris' interest in the tract of one hundred acres. This was sold by the sheriff and bought by Mrs. Aycock. After the levy of the last named execution the heirs of Henry Morris, viz., A. P. Morris and his three sisters above named, made a partition of the estate, in which they allotted to A. P. Morris a part of the homestead in Marlin, and gave the one hundred acre tract to the other heirs.

The defendants assign for error the judgment of the court.

*B. L. Aycock,* for plaintiff in error.

No briefs on file for defendant in error.

DELANY, J. COM. APP.— The judgment of the court against the validity of the execution sale is based upon a conclusion of law which is incorporated in the record as follows: "That the said land being owned jointly by the said heirs, together with the houses and lots in Marlin, at the date of the said levy and sale, it was incompetent to subject an undivided interest of A. P. Morris in and to said land, or a specific part thereof; that said estate could not be partitioned in fragments."

Stating the proposition in a more general form, we understand the court to hold that if A. and B. are tenants in common of three separate tracts of land, a creditor cannot sell under execution A.'s undivided interest in one of the tracts.

This is not exactly the question which is presented in the case of Good *v.* Coombs, 28 Tex., 35, where it was held that the judgment

creditor of a tenant in common was not entitled to have a distinct portion of the common estate set apart by metes and bounds for the satisfaction of his judgment. In that case the court only gave effect to the general rule which denies to a co-tenant the right to convey a specific portion of the common property to the prejudice of the other co-tenants. Dorn v. Dunham, 24 Tex., 376; McKey v. Welch, 22 Tex., 396.

The case now before us is of a different kind. It is not an attempt by a co-tenant (or by his judgment creditor) to have conveyed a specific portion of a tract of land in which he has only an undivided interest. It is an attempt to sell the undivided interest in one tract of land of a co-tenant who owns that tract and several other tracts in connection with other co-tenants. This, it would seem, can be done. "Thus," says Justice Story (Eq. Juris., sec. 656c), "where A., B. and C. were tenants in common in undivided third parts of an estate comprising Whiteacre and Blackacre, and C. conveyed his interest in Blackacre to D., and his interest in Whiteacre to E., upon a bill filed by A. and B. for partition of the whole estate, the court directed that Blackacre should be divided into three parts, and one part should be conveyed to A., B. and D., respectively; and that Whiteacre should be divided into three parts, and one part should be conveyed to A., B. and E., respectively. In this way, consistently with the rights of A. and B., the interests of D. and E. were, as in equity they ought to be, fully protected and secured."

The subject is fully discussed and the authorities examined at length in the case of Butler v. Roys, 25 Mich., 53, which resembles very much the present case. It was there held that when an inheritance consists of several distinct freeholds, a tenant in common may convey his undivided interest in any one or more of them; and it may be sold on execution without reference to any of the other parcels. See, also, Freeman on Co-tenancy, sec. 216.

We have not thought it necessary to discuss the other assignments, as this point is decisive of the whole case. The judgment, we think, should be reversed, and, as the case appears not to have been fully developed upon the last trial, it would be better to remand the cause.

REVERSED AND REMANDED.

[Opinion adopted May 9, 1884.]