## F. BECK & CO. v. E. S. AVONDINO.

### No. 3039.

**1. Right of Defendant in Execution to Point Out Property.**—The statute (Rev. Stats., art. 2287) that accords to the defendant the privilege of pointing out property to be levied upon is held to be directory, and the courts have refused to disturb sales under execution when the defendant for want of opportunity has been denied the right. But when the defendant promptly avails himself of his privilege under this statute and actually points out property to be levied upon subject to execution and sufficient in value to make the debt, his right so asserted can not be ignored by the parties levying the writ except at their peril.

**2. Measure of Damages.**—Action for damages for value of stock of goods illegally levied upon and sold, brought by the execution debtor against the plaintiffs causing the illegal seizure (other property having been pointed out), *held*, that in computing damages the amount the goods sold for and a balance on the judgment should be allowed as credits, the goods seized being in excess of value over the judgment.

**3. Bill of Items, etc.**—In action for damages for unlawful seizure of a stock of goods an itemized statement thereof with value of each should be given or reason shown why it can not be given. See example.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD. The opinion states the case.

*Vaughn & Leary,* for appellants.—1. The law requiring an officer to call upon the defendant in execution to point out property being only directory, the levying upon and sale of other property than that pointed out by defendants in execution would not make said levy and sale void; and the defendant in execution would be entitled to recover only the actual damage that he had sustained, and the value of the property with interest would not be the measure of damages. Odle v. Frost, Barry & Lee, 59 Texas, 686; Pearson v. Flanagan, 52 Texas, 280; Allen v. Pierson, 60 Texas, 604; 1 Suth. on Dam., p. 241.

2.   The stock of millinery goods was community property of E. S. Avondino and wife, and was subject to levy and sale under appellants' execution, notwithstanding appellee owned other property not exempt and subject to levy and sale sufficient to satisfy appellants' execution against appellee, and pointed said property out to the sheriff.   Odle v. Frost, Barry & Lee, 59 Texas, 686; Pearson v. Flanagan, 52 Texas, 280; 1 Freem. on Ex., 2 ed., sec. 279.

3.   A description of "stock of millinery goods, consisting of hats, bonnets, laces, ribbons, flowers, braids, hairpins, trimmings of all kinds, being a complete stock of millinery goods of all kinds, of the value of $3000," is not sufficiently specific.   Schneider v. Ferguson, 14 S. W. Rep., 154.

No brief for appellee reached the Reporter.

FISHER, JUDGE, *Section B.*—This suit is by appellee against appellants to recover $3000 damages, the value of a stock of goods levied on at the instance of appellants and sold under an execution to appellants for the sum of $530.   The execution under which the sale was made was based on a judgment in favor of appellants against appellee for the sum of $765.50.   The case made by appellee in his pleadings and evidence is, that at the time of the levy and after, he protested against a levy and sale of the stock of goods, and at the time pointed out to the officer making the levy and to appellants' agent certain lots situated in the town of Texarkana more than sufficient in value to make the judgment, and that the lots were subject to forced sale and were the property of appellee, and requested appellants to levy upon said lots.   Appellants declined to levy upon the lots, but without the consent of appellee levied on the stock of goods and sold them under the execution in one mass; that the goods were sold to appellants at a great sacrifice; that if the goods had been sold in lots and parcels properly classed the stock would have brought over $2000.   The appellee asked for damages the value of the goods, and also that the levy and sale be set aside.   Appellants for answer filed general and special demurrers and general denial, and that the property pointed out by appellee to be levied on was his homestead and not subject to forced sale.

Judgment was rendered upon a verdict of the jury in favor of appellee for the sum of $837.50.

The court instructed the jury that the measure of damages was the cash market value of the goods at the time levied on in Texarkana, with interest from date of seizure at 8 per cent.

The statute that accords to the defendant the privilege of pointing out property to be levied upon is held to be directory, and the courts have refused to disturb sales under executions when the defendant for want of opportunity has been denied this right.   But when the defendant

promptly avails himself of his privilege under this statute and actually points out property to be levied on subject to execution and sufficient in value to make the debt, his right so asserted can not be ignored by the parties that levy the writ except at their peril, either to have the sale set aside or to subject themselves to a judgment for damages, or of both. We do not attempt to lay down a general rule of damages that will apply alike in all cases of this character, and the measure of damages here applied is simply for the purpose of disposing of this case in a way that we conceive to be in accord with the rights of the parties to this controversy. Five hundred and thirty dollars, the amount bid by appellants for the goods at the execution sale, was, it seems, credited in the judgment against appellee. This amount went toward the extinguishment of a valid debt and judgment due by the appellee. He received the benefit of this sum. In estimating the value of the goods as the measure of damages, it should be charged with the benefit received by appellee. It would be inequitable to permit him to recover the amount that went toward the satisfaction of a debt that he does not dispute. We further think that the unpaid balance of the judgment ($235.50) should be a charge against the market value of the goods sold.

It appears from the record that appellee did not tender appellants a title to the lots pointed out on the trial, and no offer is made in the pleadings to point out to or put appellants in possession of property out of which their judgment can be made; and it does not appear from the record that appellee has property out of which appellants' demand can be collected. Under such circumstances it would be inequitable to permit appellee to recover the value of the goods without paying the debt. The value of the goods it seems is largely in excess of appellants' judgment.

One other error assigned we will notice. Appellants demurred to the plaintiff's petition, because it does not set out the quantity and value of each of the several articles of property comprising the stock of goods. The court overruled the demurrer. The description of the goods given by the petition is "millinery goods, consisting of hats, bonnets, laces, ribbons, flowers, braids, hairpins, trimmings of all kinds, being a complete stock of millinery goods of all kinds, of the value of $3000." It does not appear from the pleadings that the goods are of a character that can not be described, nor does it appear that a description can not be given, nor is any excuse stated why a more perfect description is not given. The attempted description here is not as full as that given in the case of Schneider v. Ferguson, 14 S. W. Rep., 154, which was held to be insufficient. The demurrer should have been sustained.

For the two errors indicated, we report the case for reversal.

*Reversed and remanded.*