**STUMP v. HARVEY et al.**

No. 13400.

Court of Civil Appeals of Texas. Fort Worth.

July 3, 1936.

Rehearing Denied Sept. 11, 1936.

Bert King, of Wichita Falls, for plaintiff in error.

Taylor, Muse & Taylor and Bruce Greenwood, all of Wichita Falls, for defendants in error.

DUNKLIN, Chief Justice.

E. J. Stump, defendant in the court below, has appealed from a judgment in favor of E. C. Harvey and J. T. Young, composing the partnership firm of Harvey & Young, plaintiffs, for the sum of $1,200 as damages for alleged breach of defendant's contract to drill an oil well on a lease owned by plaintiffs.

The contract made the basis of the judgment was dated October 1, 1934, and was executed by both parties to this suit. It stipulated that defendant would drill an oil well on a lease owned by plaintiffs to a depth of 3,600 feet, and in consideration therefor plaintiffs agreed to pay him $1,000, one half of which was to be paid upon spudding in the well preparatory to drilling, and the other half when the well was drilled to a depth of 3,600 feet and the casing set. It was further stipulated that defendant should have the use of a drilling rig and tools owned by plaintiffs for a period of 35 days, which defendant agreed to keep in good repair except for ordinary wear and return same to plaintiffs upon completion of the well. It was further stipulated that if the well should not be completed within 35 days, then defendant would pay plaintiffs for the use of their rig at the rate of $25 per day for its further use in drilling the well.

Plaintiffs alleged that the well was drilled to the required depth, but that in drilling the same defendant had consumed 42 days over and above the 35 days within which he contracted to finish it, and for the use of the rig for that overtime he owed plaintiffs the sum of $25 per day as stipulated in the contract, aggregating $1,050; the period of such overtime being alleged as from the 5th day of November, 1934, to December 17, 1934. It was further alleged that defendant also owes plaintiffs "the sum of $310.00 due on another well which the party of the second part (defendant) used said rig in drilling. That there is a balance due these parties at this time in the sum of $2360.00 less the sum of $500.00 paid on November 27, 1934, and $200.00 paid on the ——— day of November, 1934, leaving a balance due this plaintiff at this time in the sum of $1660.00 for which amount, with interest thereon as provided by law, this plaintiff prays judgment of the court."

In addition to a general denial, defendant pleaded specially, admitting his execution of the contract, of date October 1, 1934, alleged in plaintiffs' petition, with further allegations, in substance, that after the drilling rig was moved on the lease, he found that he was unable to finance the deal and offered to return the rig to plaintiffs. Thereupon the parties entered into a parol agreement for a modification and change in the original contract, in substance that defendant would be allowed to defer beginning the well until he could go to Colorado and raise the money necessary to his undertaking, and that plaintiffs would make no charge for the use of the rig during such delay. It was further alleged that after the delay so caused he began drilling and finished the well within 22 days, and therefore defendant was not liable for the 42 days' overtime for use of the rig charged against him by plaintiffs and for which they had charged him $1,050.

Defendant also filed a cross-action against plaintiffs for damages for alleged breach by them of certain of their obliga-

tions in a former contract in writing between plaintiffs and defendant, of date February 24, 1934, by the terms of which plaintiffs agreed to drill an oil well for the defendant on another lease owned by him, and one of the obligations of plaintiffs stipulated in that contract was to pay defendant $150 for moving a drilling rig to the location of said well, which defendant did move for them; and another of plaintiffs' obligations was to furnish water for the slush pit and rotary. It was alleged that plaintiffs failed to perform that obligation, and in order to keep the rig in operation defendant furnished the same at a cost of $250, for which also defendant sought a recovery in his cross-action.

Another item of damages sought to be recovered in the cross-action was $430 collected from him by plaintiffs under said former contract under which plaintiffs claimed damage in the sum of $310, was based on allegations that after plaintiffs finished drilling under the former contract of February 24, 1934, the parties had a supplemental contract for drilling in said well by plaintiffs, by the terms of which defendant was to be charged the sum of $15 per day for the use of plaintiffs' rig in that work and that plaintiffs had overcharged him $10 per day for 43 days, or in the aggregate $430, which plaintiffs had collected out of funds posted by defendant under said contract of February 24, 1934.

Another item of damages claimed by defendant in his cross-action under the provisions of the contract of February 24, 1934, was for $200 as the cost of moving a string of pipe furnished to plaintiffs for drilling after they had accepted it as satisfactory and then refused it and required defendant to furnish other pipe in its stead. Also a further claim for $100, the value of certain tools belonging to the defendant which plaintiffs carried away and converted to their own use after they had finished drilling under that contract.

In his cross-action there was a further claim for damages resulting from arrest of defendant for violation of a writ of injunction procured by plaintiffs wrongfully and without probable cause, and so found to be by order of court dissolving the injunction and discharging defendant from custody of the sheriff; plaintiffs agreeing upon the hearing of the motion for that relief that those proceedings were had

without probable cause. By that writ defendant was restrained from moving the drilling rig after he had finished the well and had tendered the rig to plaintiffs. Damages claimed under those allegations were for $100 for loss of work caused by those proceedings, and $5,000 for personal damages resulting from his arrest and the threatened imprisonment for violation of the writ of injunction.

In their supplemental petition plaintiffs addressed a general demurrer to the cross-action as a whole and special exceptions to each and all of the items of damages claimed, on the ground that they were all for unliquidated damages and therefore could not be pleaded as against the liquidated demand on which plaintiffs sued.

The judgment of the trial court recites that all exceptions to pleadings of both parties were presented at the outset of the trial, but the court reserved rulings thereon until after he should hear the evidence, and at the conclusion of evidence the court rendered judgment overruling defendant's general demurrer to plaintiffs' petition, that being defendant's only exception thereto; sustaining all of plaintiffs' exceptions to defendant's cross-action except his claim for $150 for hauling the drilling rig for plaintiffs, and dismissing the same without prejudice; also dismissing without prejudice plaintiffs' claim for $310 growing out of the original contract of date February 24, 1934, and awarding plaintiffs a recovery for $1350 less the offset of $150 expended by defendant for hauling plaintiffs' tools and asserted in defendant's cross-action.

█ One of plaintiffs' exceptions sustained by the court to the items in defendant's cross-action was to the effect that the same could not be urged in this suit because forbidden by provisions of articles 2015 and 2017, Rev.Civ.Statutes of 1925, in that the same are unliquidated demands while plaintiffs' suit is upon a liquidated demand. And whether or not that proposition is correct is the principal issue to be determined here.

We quote those articles of the statutes:

Article 2015: "Whenever any suit is brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counter claim he may have against the plaintiff, subject to such limitations as may be prescribed by law. The plea set-

ting up such counter claim shall state distinctly the nature and the several items thereof, and shall conform to the ordinary rules of pleading."

Article 2017: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

In appellees' briefs reference is made to defendant's cross-action for $250 for water furnished to plaintiffs for drilling purposes under the contract, of date February 24, 1934, and $430 overcharge for use of the rig, and $200 expense of moving the rig under the same contract, followed by this statement: "It is admitted that such alleged cause of action did grow out of or were incident to the contract made on or about February 24, 1934, on which the defendants in error sued for the balance of $310.00."

We believe it manifest that the other claims asserted in the cross-action grew out of and were likewise incident to plaintiffs' suit for damages for alleged breach of the contract, of date October 1, 1934. It is therefore clear that the cross-action for recovery on all those claims was permissible under the provisions of articles of the statutes already quoted, particularly those of article 2017, Rev.Civ.Statutes, including the claim for damages for wrongfully and without probable cause suing out the writ of injunction and causing the arrest and threatened punishment of defendant for contempt of court for disobeying that writ. 38 Tex.Jur. § 27, p. 335, § 28; p. 338, § 29, p. 343; Blum Milling Co. v. Moore-Seaver Grain Co. (Tex.Com. App.) 277 S.W. 78; Ferguson v. Plainview National Bank (Tex.Civ.App.) 42 S. W.(2d) 834; Avery & Son v. Stewart, 60 Tex. 154; Coates v. Caldwell, 71 Tex. 19, 8 S.W. 922, 10 Am.St.Rep. 725; Sanitary Appliance Co. v. French (Tex.Civ. App.) 58 S.W.(2d) 159; 24 Tex.Jur. § 268, p. 332, § 270, p. 235, and authorities cited.

It does not appear upon what ground the court dismissed plaintiffs' suit for $310 growing out of the former contract, of date February 24, 1934. Certainly it was not because of defendant's general demurrer to plaintiffs' entire suit. Nor did plaintiffs except to that ruling. Even if the dismissal of that claim under such circumstances could be construed as a voluntary nonsuit for that demand, the same would not prejudice defendant's right to assert his cross-action, especially in view of article 2016, Rev.Civ.Statutes, reading: "Where the defendant has filed a counter claim seeking affirmative relief, the plaintiff shall not be permitted, by a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counter claim."

"His (defendant's) right to have his cross-action determined does not depend upon the original petition presenting a good cause of action against him; and the fact that the petition is subject to a general demurrer does not in any respect militate against the legal effect of the cross action or affect the right of the court to hear and determine it." 38 Tex.Jur. p. 307.

Nor is there merit in the point made in briefs for defendants in error here (plaintiffs below) that error, if any, in the action of the court in sustaining exceptions to the cross-action was harmless, because the dismissal of cross-actions was without prejudice, and since, as further contended the preponderance of the evidence was against the validity of the claims; especially so since the merits of the claims were never adjudicated and there was evidence tending to support them.

Accordingly, the assignments of error to the action of the court in sustaining exceptions to those claims in the cross-action pointed out above, and dismissing them, are sustained; and by reason thereof the judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with our foregoing conclusions.