## OGDEN v. EDWARDS.

### No. 4773.

Court of Civil Appeals of Texas. Amarillo.

June 7, 1937.

Rehearing Denied Sept. 13, 1937.

E. L. Klett, of Lubbock, for appellant.

Madison S. Rayburn, of Slaton, and McWhorter & Howard, of Lubbock, for appellee.

STOKES, Justice.

On May 27, 1935, appellee, Roy Edwards, filed a suit in the district court of Yoakum county against E. C. Brand, banking commissioner of the state of Texas, M. H. Reed, and appellant, Ralph R. Ogden, to recover upon five vendor's lien notes that had been executed on November 30, 1923, by P. H. Northcross to J. H. Cobb. It was alleged in that suit that the notes were given as part of the purchase price of section 284, in block D, located in Yoakum county, and that Northcross had conveyed the land to A. J. Payne, and that Payne had conveyed same to the Slaton State Bank of Slaton, Tex., each of whom had assumed the payment of the vendor's lien notes. He alleged that the bank was closed and placed in the hands of a receiver in September, 1931, and that the assets were in the hands of the banking commissioner. He further alleged that, while Payne owned the land, he sold to Ralph R. Ogden a half interest in the mineral rights, and that Ogden conveyed one-fourth of the mineral rights to M. H. Reed, all of whom, except Payne, were made parties defendant. That cause was entered on the docket of the district court of Yoakum county as cause No. 284.

On June 12, 1935, Ogden filed his answer in that case, which consisted of a general demurrer, a special exception, and a general denial. On June 11th, the day before the filing of Ogden's answer, the case was called for trial and it is shown by the recitals in the judgment that the facts were submitted to the court and a judgment was rendered, foreclosing the vendor's lien against all of the defendants, but no personal judgment was rendered against any of them. Order of sale was issued on the judgment and placed in the hands of the sheriff of Yoakum county, who, on the 3d of September, 1935, sold the land to appellee, Roy Edwards, for the sum of $300, and on the same day executed and delivered to the purchaser a sheriff's deed conveying the land to him.

On February 29, 1936, the instant case was filed in the district court of Yoakum county by appellant against appellee in which he seeks to set aside the judgment entered in cause No. 284 and the sheriff's sale made thereunder, on the ground that the judgment rendered therein is void and the court was without jurisdiction to enter same for the reason that the land involved was, at the time, in the custody

of the banking commissioner as the property of the Slaton State Bank, which was in process of liquidation then pending in the district court of Lubbock county.

By appropriate \assignments of error and propositions thereunder, appellant contends that the pleading of plaintiff in cause No. 284 disclosed on its face the fact that the Slaton State Bank was the owner of the land involved, and that the bank was in the hands of the banking commissioner, who was a party defendant to the suit, and that, on account of the pendency of the liquidation and resulting receivership in the district court of Lubbock county, that court had exclusive jurisdiction of the assets of the bank, and that, therefore, the district court of Yoakum county was without jurisdiction and its judgment is void and of no force or effect.

■ It has been held by the Supreme Court of this state that the property of an insolvent bank, in process of liquidation by the banking commissioner, is in custodia legis, and that the court of the county where the bank is located has exclusive jurisdiction of the subject·matter of the liquidation and custody of the property involved. It is also established law in this state that, under its banking laws, the banking commissioner, upon taking possession of the assets of the bank in liquidation, becomes, to all intents and purposes, the receiver of such bank in exactly the same manner as if he were appointed receiver by order of the court, and in this respect he is the arm of the court in which the liquidation is pending. Kidder v. Hall, 113 Tex. 49, 251 S.W. 497; Chapman v. Guaranty State Bank (Tex.Com.App.) 267 S.W. 690; Simpson v. Amarillo Mut. Benev. Ass'n (Tex.Civ. App.) 68 S.W.(2d) 597.

It does not follow, however, that because the court in which a liquidation is pending has exclusive possession of the property owned by the bank involved in the liquidation, no other court in the state has jurisdiction to litigate any matter connected with it. Article 2310 of the Revised Civil Statutes provides that, when property has been placed in the hands of a receiver who has taken charge of it, such receiver may, in his official capacity, sue or be sued in any court having jurisdiction of the cause of action, without leave of the court appointing him. It is further provided that, if judgment is recovered against the receiver, the court

shall order same paid out of any funds in his hands. There is no question raised in this case concerning the order of sale decreed to be issued and executed. Indeed, if the judgment rendered by the district court of Yoakum county in cause No. 284 was a valid judgment, and that court had jurisdiction to render same, the order of sale directed to issue and the sale made thereunder by the sheriff would be valid in this case for the reason the record shows that a few days before the rendition of the judgment, under proper orders of the district court of Lubbock county, the banking commissioner sold the land involved in this litigation. The district court of Yoakum county would not have had jurisdiction to direct a sale of the property, nor would the sheriff of that county have had authority to levy upon and sell the same, if the property had remained in custody of the district court of Lubbock county and in the hands of the banking commissioner; but that question is rendered immaterial in this case for the reason that the district court of Lubbock county released its possession and control of the property by its receiver, the banking commissioner, before the sheriff's sale was made. There was, therefore, no interference with the custody of the property by the sheriff's sale.

■■ The only question to be decided, then, is the one of whether or not the district court of Yoakum county had jurisdiction to entertain cause No. 284 and render judgment for the debt, if any, it found to be due, and decree a foreclosure of the vendor's lien. In the case of Kirby v. Dilworth & Marshall, 260 S.W. 152, 153, the Commission of Appeals had before it this identical question. In that case, Kirby had, by the district court of Tarrant county, been appointed receiver of the property of the Equitable Company, Inc., and, as such, had taken possession thereof. Dilworth and Marshall filed suit in the Seventy-Third district court of Bexar county against the receiver and the Equitable Company for the recovery of $15,000, alleged to be due them by virtue of a certain contract for services in the institution and prosecution of certain suits to remove cloud from the title to some of the property involved in the receivership, claiming they were entitled to an equitable lien on the property and praying for the establishment and foreclosure thereof. Kirby procured from

the Tarrant county district court a temporary injunction restraining Dilworth and Marshall from prosecuting their suit, and after notice Dilworth and Marshall appeared and contested the sufficiency of the receiver's application and the order for the writ. Upon this hearing the injunction was perpetuated. After quoting the statute, Section B of the Commission of Appeals, through Judge Hamilton, said: "The statute, in plain unequivocal terms, authorizes suit against the receiver in his official capacity in any court of this state having jurisdiction of the cause of action. Such suit is subject to the venue statutes. Bowles v. Mitchell, (Tex.Com.App.) 245 S.W. 74. The statute is broad enough to embrace any kind of a suit. There is no limitation in it as to the kind of a suit that may be filed against the receiver. Therefore, as far as the statute is concerned, the receiver may be sued in any kind of a suit in such a court."

The Kirby Case has consistently been followed by the courts. Counsel has cited us to no case, and we have found none, which holds otherwise in so far as the question of jurisdiction and venue to establish a debt and lien and foreclose the same are concerned. The situation is different when it comes to a sale of the property under direction of the court adjudicating the case. It is elementary that custody and possession of property in the hands of a receiver cannot ·be interfered with by any court other than the one in which the receivership is pending, and, as stated above, if the property had not been sold by the banking commissioner under orders of the district court of Lubbock county before the sheriff's sale, under direction of the district court of Yoakum county, that sale would not have been authorized. It would have been a direct interference with the custody and possession of the property by the banking commissioner and the district court of Lubbock county. The question of the validity of that sale, except in so far as the jurisdiction of the court to enter the judgment is concerned, is not before us, and we are not called upon to decide it. Paine v. Carpenter, 51 Tex.Civ.App. 191, 111 S.W. 430; Houston Ice & Brewing Co. v. Clint (Tex.Civ.App.) 159 S.W. 409, 416 (writ refused 106 Tex. 508, 169 S.W. 411).

In the case of Allred v. Hudson, 62 S.W. (2d) 230, 231, the Dallas Court of Civil Appeals, through Justice Looney, said: "We agree that the appointing court, through its receiver, is entitled to the custody of the estate and business, and has exclusive jurisdiction in regard to all matters of mere administration, but do not think the doctrine can be extended so as to exempt a receiver from obedience to the regulatory laws of the state, nor actions brought by him, from statutes controlling venue or jurisdiction."

The suit in cause No. 284 was upon vendor's lien notes and to foreclose the vendor's lien. The land was located in Yoakum county, and venue unquestionably was properly laid in that county. It involved a matter over which that court had jurisdiction, and, under the statute and holdings of the courts of this state, the pendency of the liquidation and resulting receivership of the properties of the Slaton State Bank, although in another court, did not in any respect interfere with the Yoakum county district court in its jurisdiction of the matters in controversy.

Finding no error in the trial of the case, the judgment is in all respects affirmed.