**HARVEY et al. v. WICHITA NAT. BANK et al.**

No. 13664.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 4, 1938.

Taylor, Muse & Taylor, H. M. Muse, and Bruce Greenwood, all of Wichita Falls, for appellants.

Bert King and Harold Jones, both of Wichita Falls, and Albert B. Hall, of Dallas, for appellees.

DUNKLIN, Chief Justice.

E. C. Harvey and J. T. Young instituted a suit against E. J. Stump to recover an indebtedness alleged to be owing by him. The docket number of the suit was 28559—C. There are three district courts in Wichita county, to wit, 30th, 78th, and 89th, and, after the suit was filed in the 89th district court, it was duly transferred to the district court of the 78th district, on March 7, 1935. In that court, on July 17, 1935, plaintiffs recovered a judgment against the defendant for $1,200, with dismissal of defendant's cross-action. On August 3, 1935, defendant's motion for new trial was overruled by the same court. The defendant excepted and gave notice of appeal to this Court of Civil Appeals. On September 30, 1935, defendant filed a supersedeas writ of error bond, in the sum of $2,750, conditioned as required by the statutes. On July 3, 1936, this court reversed the judgment of the trial court and remanded the case to the trial court for a new trial. On September 11, 1936, Stump v. Harvey, 96 S.W.2d 411, this court overruled appellees' motion for rehearing, and on September 19, 1936, a mandate was issued out of this court to the trial court, in terms of the statutes in such cases made and provided.

On September 23, 1936, during the pendency of the case in the 78th district court, awaiting another trial, plaintiffs filed their affidavit for a writ of garnishment, in the 89th district court, against the Wichita National Bank of Wichita Falls, and the Fidelity & Deposit Company of Maryland, alleging the pendency of their suit against E. J. Stump for debt owing by him to plaintiffs, in the sum of $1,660, with further allegations of belief that the garnishees were indebted to defendant Stump or had in their possession assets belonging to him. On the same day, plaintiffs filed a bond for the writ, in terms of the statutes, which was duly approved by the clerk of the district court of Wichita county. On the same day the writ of garnishment prayed for was issued and same was duly served on the garnishees on September 24, 1936.

On October 2, 1936, The Fidelity & Deposit Company filed in the 89th district court, in which the writ of garnishment was issued, its answer, denying that it was indebted to defendant Stump in any amount and denying possession of any assets belonging to him, but further alleging that Stump had deposited with it a cashier's check issued by the Wichita National Bank, payable to said Fidelity & Deposit Company, in the sum of $1,350, as collateral to secure it against any loss by reason of its suretyship on Stump's supersedeas writ of error bond; further alleging that the judgment against Stump in the main case had been reversed on appeal, that the case had been remanded to the trial court, where it was still pending and undetermined.

In the same court plaintiffs filed a reply to that answer of the garnishee, on October 6, 1936.

On November 5, 1936, E. J. Stump, defendant in the suit, filed a replevy bond, with Pat H. Simmons and Lester Jones as sureties thereon, in the sum of $3,500, to replevy any "effects, debts, shares or claims of any kind seized or garnisheed," and that bond was duly approved by the clerk of the district court.

On November 19, 1936, E. J. Stump and Pat Simmons and Lester Jones, the sureties in the replevy bond, filed in the district court of the 89th district their motion to quash the writ of garnishment and all the garnishment proceedings, on the ground that all those proceedings were void because the same were had in the district court of the 89th district, while the original suit to which the garnishment proceedings were ancillary was legally pending and undisposed of in the 78th judicial district, where it had been tried and to which it had been remanded by this court after reversal of the judgment theretofore rendered by that trial court.

Plaintiffs filed a reply to that motion, alleging waiver of defendant, by reason of the filing of the various pleadings by the garnishee in the 89th district court, noted above; further alleging that there is only one district clerk for all three of the district courts, and that the notation in the record of rendition of the judgment against defendant by the district court of the 78th district, instead of in the 89th district court, was a clerical error, and that said trial was in fact by the district court of the 89th district.

The trial court sustained the motion to quash the writ of garnishment that had been issued, and plaintiffs have appealed.

Acts of 1920, 36th Legislature, 3d Called Sess., chapter 12, § 3, p. 15, reads: "The judges of the Thirtieth, Seventy-eighth and Eighty-ninth District Courts for Wichita County may each, in his discretion, either in term time or vacation, on motion of either party or on agreement of the parties, or of his own motion, where the judge believes the administration of justice may be facilitated thereby, transfer any cause, civil, or criminal from the dockets of their respective courts to the docket of either of the other district courts of said county, and shall note said transfer on the docket, whereupon the clerk of the district court to which said cause has been transferred shall docket such case, and the same shall there be tried and disposed of as if it originally filed in said court, and no transcript of the record shall be necessary to the jurisdiction of court to which such case has been transferred and no formal proceeding shall be necessary to show such transfer."

■ It cannot be doubted that those three courts are separate and independent tribunals.

■ While that provision was omitted from the Rev.St.1925, it was not repealed, but is still in effect. Sibley v. Continental Supply Co., Tex.Civ.App., 290 S.W. 769, writ of error denied, 116 Tex. 402, 292 S.W. 155.

■ The original suit against the defendant Stump, to which those proceedings were ancillary, was pending in the district court of the 78th judicial district, which, under the statutes, was vested with exclusive jurisdiction of such garnishment proceedings. Vernon's Tex.Ann.Civ.St. art. 4076; King & King v. Porter, 113 Tex. 198, 252 S.W. 1022.

Nor could jurisdiction of those proceedings be vested in the district court of the 89th district, by consent of the garnishee, evidenced by filing its answer to the garnishment writ and other pleadings pertaining thereto, in the latter court. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355; Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174.

■ Furthermore, the evidence introduced by appellant on trial of the motion to quash the garnishment writ, tending to show that in the original judgment, filed by Judge Martin, judge of the 78th district court, in the original suit first showed he signed it as judge of the 89th district court, but that the figures "89th" had been erased and "78th" substituted therefor, with pen and ink, could not be given effect, since the record could not be thus impeached by this collateral attack. 36 Tex.Jur. § 9, p. 406; § 10, p. 407; 11 Tex.Jur. § 364, p. 814; 25 Tex.Jur. § 250; p. 678; Hamilton v. Empire Gas & Fuel Co., Tex.Com.App., 110 S.W.2d 561.

Accordingly, all assignments of error are overruled and the judgment of the trial court is affirmed.