## MURRAY v. BRISCO et al.

### No. 11957.

Court of Civil Appeals of Texas. Galveston.

March 18, 1948.

Thos. H. Dent, of Galveston, for appellant.

Randolph Pierson, of Galveston, for appellees.

CODY, Justice.

This is an appeal by the judgment-debtor from a judgment of the 10th Judicial District Court of Galveston County, rendered in a garnishment-after-judgment proceeding, bearing the number and style on the docket of said court as follows: "No. 69,-216", "Minnie Brisco et vir v. City National Bank of Galveston, Garnishee".

The aforesaid proceeding was instituted in said court by an application for writ of garnishment by Minnie Brisco and hus-

band, Rufus Brisco, upon a default judgment which they alleged in said petition was obtained by them in the 56th Judicial District Court of Galveston County, on September 18, 1946, in the sum of $750, interest and costs. It was further alleged in said petition that the cause, wherein said judgment was obtained, bore the number and style on the docket of the 56th Judicial District Court as follows: "No. 66,265", "Minnie Brisco et vir v. Courtney Murray, d. b. a. Tip Top Cafe". In said cause, the plaintiffs sued said defendant for damages in a sum in excess of $1,000.

The aforesaid defendant, Courtney Murray, is the appellant here. He was brought into the garnishment proceeding on the motion of the garnishee. In the garnishment proceeding, appellant contented himself with contesting the validity of the default judgment obtained against him in the 56th Judicial District Court. The grounds urged by him for quashing the writ of garnishment did not include the contention that the exclusive jurisdiction to issue the writ of garnishment was vested in the 56th Judicial District Court, and that consequently the writ as issued by the 10th Judicial District Court was a mere nullity. The grounds urged by appellant for quashing the writ were by the court refused, from which action and judgment of the court appellant prosecutes this appeal.

■ The 10th Judicial District Court and the 56th Judicial District Court are separate and distinct tribunals. We have been unable to find any special practice, act or rule which governs the practice in said courts other than R.C.S. art. 199, relating to Apportionment of Judicial Districts, which so far as applicable reads as follows:

"10, 56.—Galveston County

"On the first Monday in February, April, June, October and December and may continue until the business is disposed of.

"In all suits, actions or proceedings, it shall be sufficient for the address or designation to be merely the 'District Court of Galveston County;' and the clerk of said courts shall file and docket the even numbers thereof in the Court of the Tenth Judicial District, and the odd numbers thereof in the Court of the Fifty-sixth Judicial District; but any case pending in either of said courts may, in the discretion of the judge thereof, be transferred from one of said district courts to the other, and so from time to time; and in case of the disqualification of the judge of either of said courts in any case, such case, on his suggestion of disqualification, shall stand transferred to the other of said courts, and be docketed by the clerk accordingly. The clerk of the court of the Tenth Judicial District shall perform the duties of the clerk of the Court of the Fifty-sixth Judicial District; in case of vacancy in said office of said clerk, the same shall be filled by appointment by the judge of the Tenth Judicial District. Acts 1909, p. 116; Acts 1911, p. 111."

■■ It is apparent upon the face of the record in the garnishment proceeding at various places, beginning with the application for the writ, that the main case is pending in the 56th Judicial District Court. Therefore exclusive jurisdiction was vested in that court over garnishment proceedings to enforce the judgment of that court. Harvey v. Wichita Nat. Bank, Tex.Civ.App., 113 S.W.2d 1022; King & King v. Porter, 113 Tex. 198, 252 S.W. 1022; Kelly v. Gibbs, 84 Tex. 143, 148, 19 S.W. 380, 563. Therefore the 10th Judicial District Court was without jurisdiction, and the proceedings were absolutely void. Since upon appeal this court's appellate jurisdiction is limited by the trial court's jurisdiction, we lack jurisdiction to pass upon the validity of the default judgment, and are limited to pronouncing the writ of garnishment void and for that reason, quashing it, and dismissing the cause.

■ It is no longer doubtful courts of civil appeals continue to have the authority and duty to consider fundamental error apparent upon the face of the record though not assigned, since the adoption of Texas Rules of Civil Procedure. Ramsey v.

978

Dunlop, Tex.Sup., 205 S.W.2d 979. That the trial court exercised jurisdiction where none existed is fundamental error.

The judgment of the court below will be reversed, and judgment here rendered dismissing the cause for want of jurisdiction.

Reversed and cause dismissed.