### SCOTT et al. v. ROBERTS et al.
#### No. 4714.

Court of Civil Appeals of Texas. El Paso.
March 8, 1950.

Rehearing Denied March 29, 1950.

T. H. Burruss, Farrell D. Smith, Corpus Christi, for appellants.

C. Burt Potter, McCampbell, Wood & Kirkham, Corpus Christi, for appellees.

PRICE, Chief Justice.

This is an appeal by Mr. and Mrs. Carl W. Scott from a judgment sustaining a plea in abatement and dismissing a suit as against W. B. Roberts, Inc., W. B. Roberts individually, and Herbert Alexander as Receiver of the property and assets of W. B. Roberts, Inc. There were several other defendants but they are in no way involved in this appeal and it is deemed unnecessary to name them. The relief sought against them was altogether different from that sought against the above named defendants. Plaintiffs, Mr. and Mrs. Scott, will be hereinafter designated as appellants and the above named defendants as appellees.

Appellants sought to recover back the amount of money they had paid to W. B. Roberts, Inc., on a contract to purchase Lot No. 17 in Block 13, Cuiper Addition to the city of Corpus Christi, and for damages. They further sought to establish and foreclose a lien on said property for the money paid and for their damages. Foreclosure of the lien was likewise sought by Sheriff's sale. They alleged that under the contract they were in possession of the property on a date prior to filing their petition and asserted the right to so remain in possession until the amount sued for was paid. It was alleged that the appellee W. B. Roberts, Inc., had terminated the contract by a breach thereof in that they refused to execute a conveyance to appellants.

On August 20, 1949, appellees filed a plea in abatement. In this plea in abatement it was averred that in the case of Corpus Christi Bank & Trust Company v. W. B. Roberts, et al., No. 40,725-C then pending in the District Court of Nueces County, 94th Judicial District that Herbert Alexander had been appointed Receiver of all the assets and property of W. B. Roberts, Inc. and W. B. Roberts individually, including Lot 17, Block 13, Cuiper Addition; that under the terms of this order the receiver had been placed in actual control and possession of Lot 17, Block 13, and that same was in custodia legis; that the

instant suit if permitted to be prosecuted would interfere with the administration of the properties in said receivership and interfere with the jurisdiction of the court; that the receiver had made application to the said Nueces County District Court, 94th Judicial District to sell the property involved; that after a hearing, of which appellants had notice, it was ordered that the property be sold to Donald M. Anthony and that he be placed in immediate possession thereof, and that after his compliance with the terms of the sale the property be conveyed to him free and clear of liens and claims of all parties, including the present plaintiffs, and it was further ordered by the court that the proceeds received from such sale be placed in the registry of the court subject to the claims of all persons including the appellants. It was further averred there was an order ordering appellants to intervene in the receivership suit.

Appellants filed answer to the plea in abatement, consisting of numerous special exceptions, general denial, and a special plea denying that they had ever appeared in cause No. 40,725-C in the 94th District Court of Nueces County, and denying that they were parties thereto.

A hearing was had and on the hearing judgment was entered as above stated dismissing the suit of appellants. It does not clearly appear as to whether appellants or appellee W. B. Roberts, Inc., at the time of the institution of the suit in the 94th District in which the receiver was appointed were in possession of the property. There does appear an order dated the 18th day of August, 1949, directing the receiver to take physical possession of the property in controversy and the improvements thereon by changing the lock or locks on the doors to the improvements and entering therein. This would seem to indicate that up to very shortly before the filing of appellants' amended petition that the property had been in their possession. Beyond any question there was a written contract of sale existing between appellants and W. B. Roberts, Inc. It is deemed unnecessary and inappropriate to determine here whether appellee W. B. Roberts, Inc. first breached

the contract, or whether appellants did so. W. B. Roberts, Inc., sought to rescind the contract, the Receiver seems to have ratified its action; the appellants seek to rescind the contract. It is deemed unimportant to determine here whether appellants or appellees were in actual possession of the property at the time of the hearing of the plea in abatement.

In the absence of a Statute permitting a suit against a receiver in a court other than the court appointing him, same may not be maintained without the consent of the appointing court authorizing the suit. Piper v. Stratten, Tex.Sup., 7 S.W. 45.

This opinion was adopted by the Supreme Court. In 1887 the Legislature passed an Act authorizing suit against a receiver in courts other than the appointing court without leave of the appointing court. This provision appears in substance in art. 2310, Vernon's Ann.Civ.St. Since the enactment of the above law the right to maintain a suit against a state receiver in a court other than the court appointing him has been recognized in a number of cases. Kirby v. Dilworth & Marshall, Tex.Com.App., 260 S.W. 152.

This case, in our opinion, governs the proper disposition of this appeal. It was there held that the mere filing of a suit against a receiver to establish a lien against property in his custody was not an interference by another court with the possession of receiver. It is true that appellants do in their petition seek to have the Sheriff seize the property and sell it as under execution. If the property is in the lawful possession of the receiver this the court has not the power to award them. However, comprehended in the relief sought is the establishment of a lien on the property. This the court exercising jurisdiction in the 117th District has power to grant. If a lien be established it can be enforced only by the court appointing the receiver, so long, of course, as the receivership continues. See also 36 Tex.Jur. 323, par. 164.

The right to institute an action in another court against a receiver is not to be determined by whether or not the petition states a cause of action. If petition fails to state a cause of action the receiver may plead in bar thereto. It is likewise thought that because appellants incidentally sought a writ to which they were clearly not entitled that this is no ground of abatement of the suit.

While it is not deemed necessary herein that appellants' petition state a cause of action, it is deemed not inappropriate to state that a vendee lawfully rescinding a contract for the purchase of land for default of his vendor ordinarily has a lien on the land for the amount he has paid. 43 Tex.Jur. p. 580, par. 336; Galbreath v. Reeves, 82 Tex. 357, 18 S.W. 696; Martin v. Bell-Woods Co., Tex.Civ.App., 57 S.W. 2d 271; Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, Wr.Ref.

We have heretofore stated that it is deemed immaterial as to whether appellants or appellee receiver was in possession of the property. The filing of the suit by the appellants amounted to an election to rescind on their part. The election to rescind terminated their right to enforcement of the contract. The election of the receiver to take possession of the property was an election to rescind the contract. Fordtran v. Cunningham, Tex.Civ.App., 177 S.W. 212, Wr.Ref.; Harris County Investment Co. v. Davis, Tex.Civ.App., 230 S.W. 761.

If lien appellants have on the property in controversy, retention of possession of the property is thought unnecessary to preserve same; in fact, the rescission of the contract to purchase might deprive them of the right to hold possession. Appellants have the right in this case to have the issues determined as to whether they justifiably rescinded their contract of purchase and have a lien on the interest held by W. B. Roberts, Inc. in this property at the time the contract was executed.

It is ordered that the judgment of the trial court dismissing the cause of action is reversed and judgment is here rendered that said cause be in all things reinstated.