**Will G. KNOX, Receiver of Lone Star Casualty Company, Appellant,**

v.

**Jonah TAYLOR, Appellee.**

No. 6386.

Court of Civil Appeals of Texas.

Amarillo.

March 15, 1954.

Rehearing Denied April 12, 1954.

Byron Lockhart, Austin, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

MARTIN, Justice.

Appellee, Jonah Taylor, on January 26, 1953, duly filed with the Industrial Accident Board of Texas and with the Lone Star Casualty Company, insurer, his notice of injury and claim for compensation as provided by statute. Will G. Knox was appointed receiver of the Lone Star Casualty Company on April 29, 1953. On May 14, 1953, the Industrial Accident Board handed down its final award on appellee's claim for compensation and notified both the appellee and the Lone Star Casualty Company in care of Will G. Knox, Receiver, Austin, Texas, of such award. Thereafter on June 3, 1953, appellee filed his original petition in the District Court of Dickens County, Texas, and citation in the cause was served on appellant, Will G. Knox, Receiver of Lone Star Casualty Company, on June 19, 1953. Upon a trial of the cause, judgment was rendered for appellee in the amount of $2,946.09. Appellant Receiver perfected an appeal and presents three points of error.

■ Appellant did not raise an issue as to jurisdiction of the trial court in the cause below but on appeal his first point asserts that the court erred in assuming jurisdiction of the subject matter in this cause in that the court in which the receivership was pending had exclusive jurisdiction of the suit. The issue as to jurisdiction may be raised for the first time on appeal. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Murray v. Brisco, Tex.Civ.App., 209 S.W.2d 976. On the issue of jurisdiction as raised by appellant's first point, the record reveals that appellee's suit to establish his claim for workmen's compensation as filed in the 110th District Court of Dickens County, Texas, did not in any manner interfere with the receiver's actual possession, management, or control of the property and assets of the Lone Star Casualty Company in receivership. The judgment of the District Court of Dickens County was merely certified to Will G. Knox as receiver for payment in due course of the receivership proceedings and out of the assets

of the Lone Star Casualty Company, a corporation, as collected by said receiver, and in accordance with applicable statutes pertaining to such receivership. Article 2310, Vernon's Civil Statutes of Texas provides as follows:

"When property within the limits of this State has been placed in the hands of a receiver who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him. * * *"

This rule was affirmed by the Supreme Court of Texas in Carpenter v. Pink, 133 Tex. 82, 124 S.W.2d 981, 986:

"* * * the common law rule that a receiver may not be sued in a court other than that which appointed him, without leave granted by the appointive court, has been abrogated by statute; * * *"

Appellant's first point of error is overruled. Bowles v. Mitchell, Tex.Com.App., 245 S.W. 74; Kirby v. Dilworth & Marshall, Tex.Com.App., 260 S.W. 152; Eaton v. Whisenant, Tex.Civ.App., 50 S.W.2d 1109; Joiner v. Currin, Tex.Civ.App., 118 S.W.2d 652; Farrell v. Sien, Tex.Civ.App., 145 S.W.2d 606; Scott v. Roberts, Tex.Civ.App., 230 S.W.2d 322; Ogden v. Edwards, Tex.Civ.App., 108 S.W.2d 675; Kirk v. Murray, Tex.Civ.App., 67 S.W.2d 385; Allred v. Hudson, Tex.Civ.App., 62 S.W.2d 230.

■ Appellant's second and third points are briefed together and will be disposed of in like manner. Such points assert that the trial court erred in overruling defendant's plea in abatement and in overruling defendant's special exception to the plaintiff's original petition. Such plea and exception are based on the proposition that plaintiff had filed no claim or notice or proof of claim of any nature whatsoever with the receiver prior to filing his suit in Dickens County and that such was a necessary pre-requisite to appellee's filing suit on his claim. This contention

is precluded by the rule revealed in the following quotation from 75 C.J.S., Receivers, § 338, p. 1014, as follows:

"Where a state statute authorizes a receiver who has taken charge of property in the state under order of court to be sued in any court of the state having jurisdiction, without first obtaining leave of the appointing court, the right to sue a receiver in a court which would otherwise have jurisdiction is limited only by the permission and the mandatory provisions of the venue statutes, and a suit between a stranger to the receivership and the receiver is governed by venue laws without regard to the fact that one party is a receiver."

Bowles v. Mitchell, Tex.Com.App., supra; Kirk v. Murray, supra; Nelson v. Thompson, Tex.Civ.App., 64 S.W.2d 373. Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.