P. E. GLENN, Appellant,

v.

Dale T. ARMSTRONG, Appellee.

No. 15661.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1955.

Simon & Simon and Richard U. Simon, Fort Worth, for appellant.

Jack E. Harris, Arlington, for appellee.

PER CURIAM.

Appellee Armstrong brought suit in the County Court at Law against appellant Glenn to rescind and cancel a $3,485 trailer sales contract, and to recover $800 theretofore paid to appellant.

The parties stipulated that $370 had been paid to the defendant on the contract price.

The court submitted only one issue to the jury, namely, the reasonable rental value per week during the time appellee had occupied the trailer. Based on the jury's answer, the court entered judgment for appellee for $304, being the amount he had paid appellant less the reasonable rental value during the time appellee used the trailer.

By his first point of error the appellant contends the suit being one to rescind a sales contract for $3,485, the County Court at Law did not have jurisdiction.

Appellee counters with the proposition that appellant waived the jurisdictional question in failing to make such complaint in his motion for new trial.

The amount involved was far beyond the jurisdiction of the County Court.

It is no longer doubtful courts of civil appeals continue to have the authority and duty to consider fundamental error apparent upon the face of the record, though not assigned, since the adoption of Texas Rules of Civil Procedure. That the trial court exercised jurisdiction where none existed is fundamental error. Murray v. Brisco, Tex.Civ.App., 209 S.W.2d 976.

Jurisdiction cannot be conferred by consent or stipulation of the parties and cannot be waived either by a party litigant or by the court. 3-A Tex.Jur., p. 42, sec. 33.

The Supreme Court in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 982, used the following language: "After our appellate courts thus for 89 years continued to pass on errors unassigned but apparent of record, in the face of a statute which declared that all errors not distinctly specified by assignment in the trial court should be considered as waived, must we now hold that our courts of civil appeals have no authority to consider such errors because Art. 1837 has again been repealed by the substantial reenactment of Art. 1844 in the form of Rule 374, T.R.C.P.? As to *errors that are truly fundamental, we think the answer must be No.*" (Emphasis ours.)

In a concurring opinion, Chief Justice Alexander said: "It is my opinion that the Court of Civil Appeals is authorized to reverse a judgment of the trial court upon an unassigned error * * * where the record affirmatively shows that the court rendering the judgment was without jurisdiction over the subject matter."

Appellee's petition on its face showed the County Court was without jurisdiction of the subject matter.

The judgment of the trial court is reversed and judgment here rendered dismissing the cause for want of jurisdiction.

Reversed and cause dismissed.