Thomas SHARP, Appellant,

v.

Petra YNIGUEZ et al., Appellees.

No. 6889.

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1959.

T. L. Hamilton, Dallas, for appellant.

Oster & Kaufman, Dallas, for appellees.

CHAPMAN, Justice.

This is an appeal from an order of the County Court of Dallas County, at Law No. 1, by appellant, Thomas Sharp, for alleged error of that court in setting aside and vacating a sale under execution of Lot 6, Block 10–7108 and further described as 3222 Chicago, Dallas, Texas. Appellees are Petra Yniguez, a widow, individually and as next friend of Irene, Helen and Thomas Jr. Yniguez, and Guadalupe Sanchez. The record is not clear as to the relationship of the last named person to Petra Yniguez nor to the property involved, and is hazy in other particulars that should have been developed more clearly in the court below.

The case was tried to the court, which rendered judgment setting aside the sale of the described property and that appellees recover $480 from appellant, Thomas Sharp, for rent collected by him during the occupancy of the premises.

Appellant's first three points go to the jurisdiction of the County Court of Dallas County, at Law No. 1 to set aside an execution and sale issued out of the County Court of Dallas County, at Law No. 2 and rendering judgment in said County Court that requires a determination of title to an alleged homestead.

Appellees assert by brief that we cannot consider the question as to whether the County Court of Dallas County, at Law No. 1 had authority to set aside an execution and sale issued out of the County Court of Dallas County, at Law No. 2 because the question was not raised in the court below. We believe the authorities are against appellant's contention, especially where the record shows the question was raised by a specific point of error in appellant's brief. Rule 374, Vernon's Ann.Tex.Rules provides in part that "Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, shall be included in the statement of points in the brief as hereinafter provided, and in such cases no assignments of error shall be necessary."

If a trial court exercised jurisdiction where none existed it is fundamental error. Murray v. Brisco, Tex.Civ.App., 209 S.W.2d 976, 978. Let us then consider if the County Court of Dallas County, at Law No. 1 had jurisdiction to exercise the authority it did exercise over an execution and sale issuing out of the County Court of Dallas County, at Law No. 2. Though that exact question has not been decided the Dallas Court of Civil Appeals has held that where condemnation proceedings were initiated before the judge of County Court of Dallas County, at Law No. 1 and special commissioners appointed by him filed their award with him the County Court of Dallas County, at Law No. 2 did not have jurisdiction of the property owners appeal from the action of the commissioners appointed by County Court of Dallas County, at Law No. 1. Henderson v. Texas Turnpike Authority, Tex.Civ.App., 308 S.W.2d 199 (writ refused). Though involving two district courts in the same county we believe the case of Murray v. Brisco, Supra, Furnishes an analogous situation to our own. At the time of the Murray-Brisco trial there existed in Galveston County the 56th Judicial District Court and the 10th Judicial District Court, with a joint clerk. Vernon's Ann.Civ.St., Article 199 relating to Apportionment of Judicial Districts provided at the time that "In all suits, actions or proceedings, it shall be sufficient for the address or designation to be merely the 'District Court of Galveston County; * * *.'" The Galveston Court of Civil Appeals held that where proceedings wherein a default

judgment was secured was pending in the 56th Judicial District Court, which is separate and distinct from the 10th Judicial District Court, exclusive jurisdiction was vested in the former court of garnishment proceedings to enforce the judgment of the court and the 10th Judicial District Court was without jurisdiction.

The County Court of Dallas County, at Law No. 1 was created by Article 1970–2 and the County Court of Dallas County, at Law No. 2 was created by Article 1970–15. They are separate and distinct tribunals and we believe one would not have jurisdiction to set aside an execution and sale had in the other. We also believe that this court not only has the right to pass on the jurisdictional question here involved, but that it is our duty to do so, the question being one of fundamental error. Especially is this true when we consider the fact that it was called to our attention by appellant's point of error number two. Glenn v. Armstrong, Tex.Civ.App., 284 S.W.2d 165; Knox v. Taylor, Tex.Civ.App., 277 S.W.2d 174; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

In view of what we have said above we believe it is not necessary for us to pass on the question of the jurisdiction of a County Court or County Court at Law to pass on the question raised in the court below as to the property in question being a homestead. The trial court apparently did not consider that question in arriving at its judgment since its findings of fact and conclusions of law disregarded that subject. However, in view of the apparent indecision of the trial judge on this question we here point out that our Supreme Court has held that: "Such issues cannot be litigated and adjudged in a county court. Under the Constitution and laws only the district court has jurisdiction over them. Const. art. 5, §§ 8 and 16." Stewart v. Rockdale State Bank, 124 Tex. 431, 79 S.W.2d 116, 117.

Judging from the findings of fact filed by the trial court (after finding it had juris-diction) it arrived at its decision to set aside the execution and order of sale because of the inadequacy of the price coupled with irregularities involved in the proceedings. The judge of the trial court found:

"(a) That the Constable did not ask the judgment debtor to point out property, nor did he give her the opportunity to point out property upon which to levy said execution.

"(b) That the levy and sale was made of real estate which was not, in fact in the name of Petra Yniguez, but was in the name of Tomas Yniguez and Guadalupe Tolendo de Yniguez Exhibit.

"(c) That there is no evidence that letters were mailed to the plaintiff by the Constable notifying her of said sale.

"(d) That defendant has collected $480.00 in rents up to the time of trial."

With respect to (a) above, our courts have held that a sheriff's sale of land and the execution of his deed thereto are not void because no opportunity was given the judgment debtor to point out other property to be levied on. Borders v. Highsmith, Tex.Civ.App., 252 S.W. 270. Our Supreme Court has said that: "The statute that accords to the defendant the privilege of pointing out property to be levied upon is held to be directory; and the courts have refused to disturb sales under executions when the defendant, for want of opportunity, has been denied that right." Beck v. Avondino, 82 Tex. 314, 18 S.W. 690. Rule 637 V.A.T.R. has superseded the statutes of similar effect and we feel that we have no authority to say a different rule of law would apply.

Irregularity (b) found by the trial judge would have no effect on the levy because the notice of sale and deed gave notice of and sold only the estate, right, title and interest which the said Mrs. Petra Yniguez had on the 25th day of April, 1957, or at

anytime afterwards. An undivided interest of an execution debtor in land may be sold. Braden v. Gose, 57 Tex. 37; Aycock v. Kimbrough, 61 Tex. 543.

Irregularity (c) above, as found by the trial court, is directly contrary to the documentary evidence which shows not only the proper publication notices but that a copy of said notice of sale, was, on the 27th day of May, 1957, mailed both to the attorney of record for Mrs. Petra Yniguez and to her personally at her cafe address.

The property sold at a completely inadequate price. Of this fact there is no question in the record. The law is well settled in this state that mere inadequacy of price will not avoid a sale. Allen v. Stephanes, 18 Tex. 658; Graves v. Griffin, Tex. Com.App., 228 S.W. 913. (Opinion adopted by Sup.Ct.)

The judgment of the trial court is reversed and remanded without prejudice to the rights of the parties.